. PALMER et al. v. HURST, Sheriff.

Where plaintiff's in replevin alleged that they and a third person owned in common the cattle replevied, evidence was admissible to show that each of the alleged co-owners had at different times personally listed certain of the cattle for taxation as his property in severalty.

An assignment of error with reference to an instruction cannot be considered on appeal, in the absence of any exception to the instruction.

In replevin to recover cattle alleged to be owned in common by plaintiffs and a third person, an instruction that in order to recover under the complaint it would be necessary to establish by a fair preponderance of evidence that plaintiffs owned the cattle in common, and that it would not be sufficient to prove that one of such litigants was the sole owner, or that each owned certain of the cattle to the exclusion of the other, is not erroneous.

Whether the court in replevin proceedings erred in requiring at the conclusion of plaintiff's evidence an election between a dismissal of the action and an amendment of the complaint to allege ownership in common will not be considered on appeal, where the abstract discloses no such ruling.

In replevin of property taken by a sheriff on execution, plaintiffs must rely on the strength of their title as alleged.

(Opinion filed, March 7, 1908.)

Appeal from Circuit Court, Spink, County. Hon. CHAS. S. WHITING, Judge.

Replevin by George Palmer and Fred Palmer against J. C. Hurst, sheriff of Spink County. Judgment for defendant, and plaintiffs appeal. Affirmed.

N. P. Bromley, for appellants. M. Moriarty, for Respondent.

FULLER, J. Alleging ownership in common and the right of immediate possession, appellants brought this action to recover certain cattle seized by the sheriff as the property of their father, William Palmer; and this appeal is from a judgment in favor of respondent and from an order overruling their motion for a new trial.

Relevant to the issue of ownership and unity of interest, evidence was properly admitted which tends to show that William Palmer and each appellant had at different times personally listed certain of the cattle for taxation as his property in severalty, and it is conceded that all of such property was in the actual possession of William Palmer when taken by virtue of an execution issued on a judgment against him. Moreover, one of the appellants testified that at least four of the cattle alleged to be owned in common belonged to him exclusively, and when the case was rested by both parties there was a conflict in the evidence as to the question of ownership and its character.

In substance and effect, the court charged the jury that, in order to recover under the complaint, it would be necessary to es-

tablish by a fair preponderance of evidence that appellants owned the cattle in common, and that it would not be sufficient to prove that one of such litigants was the sole owner, or that each owned certain of the cattle to the exclusion of the other. Were this expression of the trial court illogical or at variance with the rule requiring the. proof of ownership in such cases to be in conformity with the pleadings, the assignment of error with reference thereto could not be considered, in the absence. of any exception to the instruction. Uhe v. Chicago, M. & St. P. Ry. Co., 4 S. D. 505, 57 N. W. 484; Mosteller v. Holborn, 20 S. D. 545, 108 N. W. 13.

To show that nothing was lost by the failure to take an exception, and that the instruction is not erroneous, we quote from the case of Deyerle v. Hunt, 50 Mo. App. 541, as follows: "In an action for the recovery of specific personal property, the plaintiff must state in his petition the extent of his interest in the property; such allegation being a material one. Cobbey on Replevin, § 601. Where property belonging to a firm is taken by a third person from the manual possession of one partner, all the partners must bring replevin to recover it. Lindley on Partnership, § 277. In Wells on Replevin, § 153, it is said that when it appears during the trial that the parties own the property jointly, or are partners, the court will leave it to the jury as one of the issues of the case, and will direct them that, unless they so find their verdict must be for defendant. Nor can a tenant in common sue alone as against a stranger in possession. Spooner v. Ross, 24 Mo. App. 599. So it has been held that, if a right of action is alleged to be in one, there is a fatal variance where the proof shows it to be in two or more." "Where the plaintiff in an action of replevin claims the entire ownership of the property, a recovery cannot be had upon proof that he was the owner of three-fourths only of the article or thing replevied." Eakin v. Eakin, 63 Ill. 160. "Joint plaintiffs, to maintain their action of replevin, must show that they all own the property together." Shinn on Replevin, 393.

It is stated in the brief of appellants that at the conclusion of their evidence the court required an election between a dismissal of the action and an amendment of the complaint to allege ownership in common; but the abstract as presented discloses no such ruling,

and therefore the point is not reviewable in this court. To recover the property, the taking of which from the possession of the judgment debtor was justified by legal process in the hands of respondent sheriff, appellants must rely upon the strength of their title as alleged, and the evidence is such that the verdict cannot be disturbed.

Nothing being presented or discoverable to warrant a reversal, the judgment appealed from is affirmed.