## MADDIN v. ROBERTSON et al.

No. 2428.   Opinion Filed June 10, 1913.

Rehearing Denied July 22, 1913.

(133 Pac. 1128.)

1.    MORTGAGES—Default—Rights of Mortgagee—Ejectment. Under the laws in force in the Indian Territory before the admission of the state, a mortgagee of real estate, after default of the mortgagor, was entitled to possession of the mortgaged property until the mortgaged debt was discharged, and could maintain an action of ejectment therefor against the mortgagor, or those holding under him.

2.    PARTIES—Unnecessary Parties Plaintiff—Motion to Strike. Where plaintiff has joined unnecessary parties with him as coplaintiffs in his petition, the proper practice is a motion to strike such parties from the petition, rather than a motion to strike the petition from the files.

3.    EJECTMENT—Petition—Amendment—New Cause of Action. Where plaintiff in ejectment alleged in his original petition that he was the owner of the legal and equitable title to the land in controversy, he does not allege a new and different cause of action in his amended petition by alleging that he is the holder of the legal title to the land in controversy, but that the deed executed to him was executed as a mortgage, and that the conditions had been broken; and the trial court committed no error in permitting such amendment.

(Syllabus by the Court.)

*Error from Superior Court, Muskogee County;*
*Farrar L. McCain, Judge.*

Action by W. G. Robertson and Lewis A. Kean against W. A. Maddin. Linda' Manuel was made party plaintiff. Judgment for plaintiffs, and defendant W. A. Maddin brings error. Affirmed.

*W. W. Noffsinger,* for plaintiff in error.

*Geo. S. Ramsey* and *C. L. Thomas,* for defendants in error.

HAYES, C. J.   This is an action of ejectment originally instituted in the district court of Muskogee county by defendants W. G. Robertson and Lewis A. Kean against Wm. A. Maddin, to obtain judgment for possession of a certain tract of land fully described in their petition, and for damages, rents, and profits.   They allege in their original petition that they are the owners of the "legal estate in fee simple and equitable estate" in the land in controversy, that plaintiff in error was in the unlawful possession thereof, and had unlawfully kept them out of possession for the past year, and that rents and profits arising from the land during said time were the sum of $40.   After answer had been filed to the original petition by plaintiff in error, hereinafter referred to as defendant, one N. J. Allen, with permission obtained from the court, filed an interplea in the action, in which he claims an interest in and to the property in controversy.   He, however, was permitted thereafter to withdraw his interplea, and to withdraw from the action, and we need not, therefore, notice the allegations of his interplea.   During the time this interplea was pending, however, the cause was transferred to the superior court of Muskogee county, where permission was obtained to make defendant in error Linda Manuel (alias Malinda Manuel) a party plaintiff, and thereafter defendants in error, who will hereafter be referred to as plaintiffs, obtained leave and filed their amended petition, upon which, after answer thereto by defendant, the case was tried.   In this amended petition it is alleged substantially that the land involved is a portion of an allotment set apart by the Commission to the Five Civilized Tribes to the heirs of Allie Perryman, a minor Creek freedman; that said Allie Perryman died in the year 1899, leaving surviving her as the sole heir at law her mother, Linda Manuel.   In 1902 the land involved was selected and set apart to the heirs of Allie Perryman, and afterwards a patent, duly executed, was issued, conveying said land to her heirs.   On the 27th day of June, 1906, Linda Manuel executed to plaintiffs Robertson

and Kean a deed, the validity of which is not questioned, and by the terms of which the fee-simple title to the land is conveyed to Robertson and Kean, but it is alleged in the petition that said deed was executed for the purpose of securing an attorney's fee, and while it is in the form of a general warranty deed, it was intended, and is, in effect, a mortgage, and that the debt it secured has matured. Other allegations are contained in the amended petition, to the effect that subsequent to the selection of the lands as an allotment, a deed had been executed by Linda Manuel in the year 1902 to defendant, which purports to convey to him the land in controversy for the recited consideration of $250; but it is alleged as a matter of fact that said $250 was never paid, nor promised to be paid, and that there was in fact and in law no consideration given for said land; that the same was obtained by the defendant from Linda Manuel upon the false and fraudulent representations that said instrument was an instrument of writing, purporting solely to renew an agricultural lease held by defendant at that time on the lands in controversy; that Linda Manuel was ignorant, and did not know that the deed was intended to operate to convey any estate in said land other than a lease thereon, and was obtained from her by false and fraudulent representations. She also alleges that it is absolutely null and void, for the reason that at the time it was executed she was without power or authority to alienate said land, by reason of restrictions imposed thereon against her alienation of same by the federal government in the treaty under which said lands were allotted. Plaintiffs thereupon pray that they have judgment for possession of the land, damages for its detention, and also have a decree setting aside and declaring null and void the instrument purporting to be a deed executed to defendant W. A. Maddin by Linda Manuel, and that said deed be removed as a cloud on their title. A motion to strike this amended petition from the files, upon the grounds that it changed the cause of action, the title of the action, and the parties to the action,

was overruled. After answer was filed by defendant there was a trial to the court, which resulted in findings of fact and judgment thereon in favor of plaintiffs for possession of the land and cash.

Counsel for defendant has set out in his brief fourteen assignments of error, but only two propositions are argued, and supported with authorities, as is required by rule 25 of this court (20 Okla. xii, 95 Pac. viii). Those propositions, repeated in the language of the brief, are as follows: First, "no cause of action existed in the original plaintiffs at the time of the institution of the action"; second, "it is error to permit an amendment that substantially changes the cause of action or defense." We shall not discuss any other propositions of law that might arise in this proceeding than the foregoing argued in defendant's brief. Both of these propositions arose on defendant's motion to strike the amended petition of plaintiffs from the files. No contention is made by defendant's counsel that the deed in 1902 from Linda Manuel to Maddin is valid, and that she therefore had no estate in the land at the time she executed the mortgage to her coplaintiffs. He, on the other hand, states that this contention is not presented by the pleadings and facts in the case, and to reverse the case he relies wholly upon the alleged error of the court in permitting the amendment. There is no contention that the original petition filed in the action by plaintiffs Robertson and Kean did not state a cause of action; but it is contended that by the amended petition, upon which the case was tried, it is shown that their only interest in the premises in controversy is that of a mortgagee, and that such an interest will not support an action of ejectment for possession by the mortgagee, and therefore the amended petition discloses that said plaintiffs Robertson and Kean had no cause of action at the institution of this action in the trial court. This contention is without merit.

Their mortgage was executed to them before the admission of the state into the Union, and in that part of the state which formerly constituted the Indian Territory, in which jurisdiction the interest and rights of a mortgagee in mortgaged real estate were determined by the rule at common law. By this rule the mortgagee may, after condition broken, recover in ejectment against the mortgagor. *Moore v. O'Dell,* 27 Okla. 294, 111 Pac. 308. Plaintiffs Robertson and Kean, by reason of their mortgage, had such an estate in the land, the debt which is secured having matured before the bringing of this action, as alleged in the amended petition, as would sustain an action of ejectment against their coplaintiff, Linda Manuel, the mortgagor, if she were in the possession, or those claiming under her. Robertson and Kean are the holders of the legal title to the premises in controversy; but under their agreement with their grantor, she has an equity of redemption.

As no effort is made in this proceeding to settle the equities between the mortgagees and the mortgagor, we are of the opinion that, under the facts as alleged in the amended petition, Linda Manuel was an unnecessary party to this proceeding; but the proper procedure would have been a motion to strike her name from the amended petition as an unnecessary party, rather than to strike the amended petition from the files.

Nor is there any merit in the contention that by the amended petition the cause of action was changed. In the original petition plaintiffs Robertson and Kean alleged that they were the owners of the legal and equitable title to the land in controversy, and therefore entitled to possession thereof. Stated concisely, the cause of action alleged by them was right of possession to the premises in controversy, and a violation of this right by defendant. The facts contained in the amended petition state the same cause of action. It is true that, under the facts of the amended petition, certain equities are shown to exist between plaintiffs Robertson and Kean and their coplaintiff and grantor, Linda Manuel; but

it is not attempted to adjudicate these equities in this proceeding; nor are they such as would in any way affect the right of plaintiffs Robertson and Kean to possession of the premises.

We are therefore of the opinion that a reversal of the cause upon the grounds urged should be denied, and the judgment of the trial court is affirmed.

All the Justices concur.