BOURCY, Respondent, v. KAUFMAN, Appellant.

(146 N. W. 1074.)

**1. Trespass—Validity of Indian Lease—Authority of Indian Agents—Presumption—Right of Third Party to Attack.**

Where an Indian allotment was leased to plaintiff and another, by the Indian agent in charge thereof, with approval of Secretary of the Interior, and was executed and accepted in good faith, the lessees being placed in peaceable possession and having used the land pursuant to provisions of the lease, and continued in possession, held, that when defendant undertook to appropriate certain hay therefrom, he was, as to the co-lessee and plaintiff, a mere trespasser, and could not defeat plaintiff's recovery on the ground that the lease was invalid. Held, further, that, as between the co-lessee claiming in good faith, and the defendant, it will be presumed, in absence of anything to contrary, that the facts existed authorizing making of the lease.

**2. Trespass—Right of Co-lessee to Sue—Parties.**

A co-lessee of an Indian allotment had no individual interest in all of the hay grown on the leased premises, and, as against all persons except his co-lessee, a right to possession thereof, and hence could maintain an action in his own name for recovery of all the hay, as against a trespasser who had cut the hay.

(Opinion filed April 27, 1914.    Rehearing pending.)

Appeal from Circuit Court, Roberts County.    Hon. FRANK McNULTY, Judge.

Action by John L. Bourcy against Charles Kaufman, in claim and delivery, for recovery of hay cut upon land leased by an Indian.    From a judgment for plaintiff, defendant appeals. Affirmed.

*J. J. Batterton,* for Appellant.

This action cannot be maintained by only one of the two joint tenants in common and alleged owners; in a replevin action it is necessary for the plaintiff to have the sole and exclusive right of possession.    Palmer v. Hurst, Sheriff, 22 S. D., 68.

*Howard Babcock,* for Respondent.

It must be presumed that the United States, acting through the Secretary of the Interior and in his discretion, has prescribed rules, regulations and conditions for leasing this allotment.

A lease of such land, approved by the Secretary of the In-

terior, is always treated as of unquestioned validity. Reservation State Bank v. Holst et al, 17 S. D. 240; 70 L. R. A. 799.

Wilmot Wilson, co-lessee, had surrendered and released to the plaintiff complete possession of the land, and plaintiff retained the government lease on the land at all times, and retained the sole and exclusive possession of the land under the lease, and had paid the rent himself, and remained in the exclusive possession of the land. 23 Cyc. 483.

During the year 1911, while Wilson and Bourcy were both in possession of the land covered by the lease, they were joint tenants and were jointly in possession of the entire tract included in the lease. Under this right the respondent Bourcy became rightfully possessed of the entire tract, jointly with Wilson. His possession was complete and entire as to every portion of the land. It was exclusive as to all the world except his co-tenant Wilson. Mather v. Dunn et al., 11 S. D. 196; Stark v. Barrett, 15 Cal. 362.

Kaufman had and claimed no right to the land or to the possession of the land or any part of it or any interest in it. His entry was a wrongful trespass.

A part owner who is entitled to the possession and control can maintain an action for the possession of the property against a trespasser whose possession is wrongful in the beginning. Miller v. Darling, 22 Minn. 303; Schouler on Pers. Prop. 197.

POLLEY, J. Plaintiff brings this action for the recovery of a quantity of hay that had been cut and stacked by defendant during the season of 1912, on an Indian allotment in Roberts county. The allotment had been leased to plaintiff and another, in 1911, by the Indian agent in charge of the allotment, for farming and grazing purposes for the years 1911 and 1912. The lease had been approved by the Secretary of the Interior. Plaintiff and his co-lessee paid the rent and cut the hay on the land in 1911, but, in 1912, plaintiff's co-lessee having left that vicinity, plaintiff paid all the rent and intended to cut the hay himself. Defendant had no right or authority from any source to go upon, or cut hay on, that particular piece of land, but undertook to defeat plaintiff's right of recovery on the ground: first, that the Indian agent had no authority to execute the lease in question and that plaintiff acquired no rights by virtue thereof; and, second, that plaintiff,

being a part owner only, could not maintain an action for the recovery of the hay in his own name alone.

[1] It is not necessary to make an extended examination of the first proposition, because, whether or not the Indian agent and the Secretary of the Interior had authority to execute the lease in question, they believed they had such authority, and plaintiff and his co-lessee believed they had, and entered into the contract in good faith and for value. This is not a question as to whether the lease is good against the owner of the land or some one claiming under him. The lease was made by parties acting under proper authority, provided the owner of the leased premises was under the disability specified in the act conferring such authority, and as between one claiming in good faith by virtue of such authority and one without any right whatever, it will be presumed, in the absence of anything to the contrary, that facts existed authorizing the making of the lease. The lessees were placed in the peaceable possession of the land and they used it for the purposes for which it was rented during the first year covered by the lease, and plaintiff was still in such possession by virtue of the same right, at the time defendant undertook to appropriate the hay. This, as against a mere trespasser, showed sufficient title in plaintiff, and he must prevail on the first proposition.

[2] As against appellant's second proposition, respondent claimed that his co-lessee had released his interest in the lease to respondent, and that at the time of the trespass by appellant, respondent was the sole owner thereof. If this were true, of course he has the right to maintain the action in his own name. As between respondent and his co-lessee, respondent could have been the sole owner. But it is not necessary to inquire whether respondent was the sole owner or not. Being a co-lessee, he has an individual interest in every particle of the hay grown on the leased premises and has a right to the possession of the whole of it as against all persons, except his co-lessee. Appellant, in support of his contention, relies upon what is said by this court in Palmer et al. v. Hurst, 22 S. D. 68, 115 N. W. 516; but that is a case where several plaintiffs joined in an action for the recovery of personal property, specific portions of which belonged to the different plaintiffs in entirety, and the case is not in point. This case should be governed by what is said in Mather v. Dunn, 11 S. D. 196. 76 N. W.

922, 74 Am. St. Rep. 788. True, that was a case involving title to real property, but the principle is the same in both cases. The judgment and order appealed from are affirmed.