FIFE et al. v. JACKSON MATERIAL CO.

No. 29914. March 24, 1942.

Rehearing Denied May 5, 1942.

*125 P. 2d 175.*

Eck E. Brook and Chas. Ed. Frye, both of Muskogee, for plaintiffs in error.

Joseph C. Stone, Charles A. Moon, and James E. Thompson, all of Muskogee, for defendant in error.

DAVISON, J. This case is presented on appeal from the district court of Muskogee county. It involves the review of a determination by that court that R. Johnson, one of several plaintiffs in the action, did not have such an interest in the controversy that he was entitled to join as a party plaintiff.

The determination complained of was by judgment of the trial court sustaining a motion to strike the name of R. Johnson as party plaintiff (which motion the trial court announced should be treated as a demurrer for insufficient facts) and dismissing the action as to him.

It is not essential to a determination of this appeal that we ascertain or discuss which of the two designations (demurrer or motion to strike) was the appropriate name for the pleading, since in deciding this appeal we shall assume that the challenge to Johnson's presence in the litigation was properly made and confine our discussion to a determination of whether a sound legal basis existed in justification of the action taken by the trial tribunal. In this juris-

diction the substance and purpose of the pleading, not its name, is important. Harry v. Hertzler, 185 Okla. 151, 90 P. 2d 656; Dardenne v. Daniels, 176 Okla. 557, 56 P. 2d 793.

We pass, then, to a consideration of the question of whether the defendant could rightfully question the joinder of R. Johnson as a party plaintiff in this litigation.

In the second amended petition, which was before the court at the time the order herein complained of was entered, the persons joined as parties plaintiff were Exie Shelton, nee Fife, Chas. Benj. Fife, Jennie Fife, Timmie Fife, and R. Johnson.

They specifically enumerated their asserted respective interests, which in the aggregate included the entire interest and ownership in and to a certain described tract of land in Muskogee county, Okla., bordering upon and extending to the center or thread of the Arkansas river.

The plaintiffs asserted in substance that the defendant Jackson Material Company, a corporation, had removed and was continuing to remove sand from their land. They sought injunctive relief to prevent future removal and damages for past removal.

It is apparent from the pleading that all of the parties interested in the real estate were before the trial tribunal as parties plaintiff, and that if the defendant has committed a wrong entitling any person interested in that real estate to judicial relief or if it has committed no actionable wrong, a judgment on the merits as to such parties would settle the controversy.

But defendant complains that there were more persons before the court than was necessary. He does not contend that the presence of such asserted unnecessary party in any way magnifies or enlarges the judicial relief which should be accorded, if any should be accorded.

In the absence of apparent prejudice, retaining an unnecessary party as plain-tiff could not constitute reversible error. However, an alleged unnecessary party was here stricken. In this jurisdiction such a disposition can be made of a party if he is unnecessary. Maddin v. Robertson, 38 Okla. 526, 133 P. 1128 (notice, Bancroft's Code Pleading, vol. 1, pp. 343-344; Bancroft's Code Practice, vol. 2, p. 1113; 47 C. J. 221).

Was the plaintiff R. Johnson (plaintiff in error herein) an unnecessary party? He does not own or claim to own any part of the fee. His interest in the controversy arises by contract with the owners who join with him as parties plaintiff. They join with him in alleging in their second amended petition:

"That R. Johnson, one of the plaintiffs herein, is a tenant and holds a leasehold estate in and to said land which gives to him the exclusive right to take sand from said land and to market same and to operate a barge on said premises for said purpose for a period of five years from the date of said contract of lease, a copy of which is hereto attached, marked Plaintiffs' Exhibit 'A' and made a part hereof."

If the plaintiff Johnson is, as alleged, the owner of a leasehold estate, he is entitled to invoke the protection of the courts for the preservation of that estate and may also be entitled to damages.

The defendant, however, contends that Johnson is a mere licensee; that as a licensee he merely has a privilege to go upon the land for the purpose of removing sand; and that he cannot complain if some one else does the same so long as in doing so he is not prevented from exercising his privilege. (For distinction between lessee and licensee, see Tiffany on Real Property (3d Ed.) vol. 1, p. 117; Holt v. City of Montgomery, 212 Ala. 235, 102 So. 49; Stinson v. Hardy, 27 Ore. 584, 41 P. 116.)

The defendant's position in this respect is based upon its interpretation of the contract, to which instrument, as distinguished from the allegations of the petition, it asserts controlling importance should be attached.

The defendant thus seeks an application of the generally applicable rule which makes an exhibit govern over the allegations of the pleading to which it is attached. Hearn v. Snow, 184 Okla. 547, 88 P. 2d 891. This generally prevailing rule is not entirely without limitation (21 R.C.L. 477; Bancroft's Pleading, vol. 1, p. 997); but the extent of any existing limitation of the rule need not be here considered because of the position of the party seeking its application. The rule is applicable when the instrument attached bears upon some issue between the party who invokes it and his adversary.

The plaintiffs, who constituted both the landowners and their lessee, have joined in saying in no uncertain terms that Johnson is a lessee. None of them question the legal sufficiency of the instrument executed by them to create that relationship. The defendant, however, is not satisfied with the instrument chosen by them to create the relationship and confer the exclusive rights which the plaintiffs say exist.

The plaintiffs may, in their contract, have chosen inapt expressions to create the leasehold estate, but they are satisfied. Can the defendant complain of these deficiencies?

The position of the defendant and the question herein presented creates a situation somewhat analogous to that presented to the Pennsylvania court in the case of Lord v. Meadville Water Co., 135 Pa. St. 122, 19 Atl. 1007, 20 A. S. R. 864, 8 L. R. A. 202. Therein one Rebecca Lord, a married woman, instituted an action for trespass to realty. Possession was necessary to the maintenance of the action. The defendant claimed that the possession of the property was that of the husband, but the husband had testified that the possession was that of the wife (thus assuming an attitude similar, though in a less formal manner, to that assumed by the plaintiffs in this case). The court held that in view of the position taken by the husband the defendant was not in a position to raise the question. It said:

"We do not regard the question of the plaintiff's title, under the facts of the case, as of any importance. The plaintiff's husband testified that the farm belonged to her, and he is certainly estopped from recovering damages in another suit."

The holding of the court on this point is summarized in paragraph 2 of the headnotes, as follows:

"A defense in an action of trespass that plaintiff is a married woman, and has proved no title, and has no possession except as the wife of her husband, cannot avail where he testifies that the land belongs to her, and is thus estopped from claiming damages in another suit."

Similarly, see Bourcy v. Kaufman, 33 S. Dak. 635, 146 N. W. 1074.

Since all of the owners of the land in this case have formally taken the position before the trial court that their contract with Johnson made him a lessee (with exclusive right of possession for a specific purpose) as distinguished from a licensee, we are of the opinion, and hold, that the defendant, a trespasser, was not in a position to question the sufficiency of their contract to create the leasehold estate which they say existed, and that the trial court erred in dismissing the petition with prejudice as to him. (Fletcher v. City of Altus, 188 Okla. 342, 108 P. 2d 781.)

This disposes of the question properly before us for review and determines the disposition of this appeal. However, it is appropriate that we allude briefly to certain other positions taken by the defendant as asserted alternative grounds for sustaining the action of the trial court.

The defendant asserts in substance that the claims of the respective parties plaintiff, especially as to damages, are several and distinct as distinguished from joint and cannot be joined in the same action. Assuming without deciding that this position is correct, it does not and cannot account for or justify the action of the trial court in dismissing with prejudice as to a plaintiff who has a cause of action.

Brief illustration by example will demonstrate the impossibility of sustaining the action of the trial court on this basis. X is liable for separate torts to A for $100, B for $100, and C for $100. They join and sue him for $300. There is an obvious misjoinder of causes of action. There is also an incidental partial misjoinder of parties plaintiff. That is, B and C are not proper parties to A's cause of action, although each is to his own. Obviously the objection should be for misjoinder of causes of action and the disposition should be in accord with that basis. A dismissal with prejudice as to all causes of action could not be entered to any party plaintiff merely by reason of the misjoinder because each has a cause of action which he is entitled to separately prosecute.

In deciding that the action of the trial court cannot be sustained on the theory suggested, we express no opinion as to whether the claims of the respective parties plaintiff are separate or joint, nor as to whether there is a misjoinder of causes of action connected with either the injunctive relief or damages sought. Nor do we express an opinion as to whether Johnson is entitled to both injunctive relief and damages. Those matters are not before us for review.

The suggestion is also made by the defendant that the measure of damages is improperly pleaded. Such improper pleading, if it is improper, would not support the action of the trial court, especially since the measure of damages is more a matter of proof than of pleading. Bowles v. Brown, 187 Okla. 264, 102 P. 2d 837; Winemiller v. Lorton, 121 Okla. 99, 249 P. 406. Nor can other alleged defects in the pleading of an amendable character be effectively asserted in support of the judgment, no specific opportunity having been accorded in the trial court to cure such defects by amendment.

Many questions, some of them rather complex, but not appropriate for determination on this appeal, are foreshadowed in the briefs and record. These questions commend themselves for careful consideration by counsel as well as the trial court in the further conduct of this litigation.

The cause is reversed and remanded, with directions to proceed in a manner not inconsistent with the views herein expressed.

CORN, V. C. J., and RILEY, OSBORN, BAYLESS, GIBSON, HURST, and ARNOLD, JJ., concur. WELCH, C. J., absent.