**TEXACO, INC., Appellant,**

v.

**TEXAS OIL & GAS CORP. et al., Appellees.**

**No. 47391.**

Court of Appeals of Oklahoma,
Division No. 1.

Nov. 12, 1974.

Rehearing Denied Jan. 3, 1975.

Certiorari Denied March 25, 1975.

Released for Publication by Order of
Court of Appeals March 27, 1975.

Philip R. Wimbish, Kelsey Hutchinson, Tulsa, for appellant.

Lytle, Soule' & Emery by Robert J. Emery, Oklahoma City, for appellee Texas Oil and Gas Corp.

ROMANG, Judge:

This is a quiet title action brought by Texaco Inc. to quiet its alleged title to an oil and gas leasehold on an undivided five-sixteenths of the oil and gas in and under 320 acres of land in Roger Mills County, Oklahoma. Texaco claimed the five-sixteenths leasehold by virtue of its 1958 oil and gas lease on the 320 acres of land.

Defendant, Texas Oil & Gas Corp., claimed to have a leasehold on an undivided one-sixteenth of the oil and gas in and under the 320 acres of land, and this one-sixteenth was included in the five-sixteenths claimed by Texaco.

After the case was at issue, both of said corporations filed a motion for summary judgment. Briefs were submitted, and after a study thereof, the trial court rendered judgment for the defendant, Texas Oil & Gas Corp.

Texaco has appealed from an order overruling its motion for new trial. The dispute in this appeal is entirely between the plaintiff, Texaco, and the defendant, Texas Oil & Gas. Other defendants in the trial court are not here involved.

The sole proposition presented by Texaco reads as follows:

"Contrary to the judgment of the trial court, this appellant's oil and gas lease, because it carries the lessors' warranty of title, and because it contains no provision limiting the interest leased, did bind and does now bind not only that one-fourth of the mineral rights owned by the lessors at the inception thereof, but also that additional one-sixteenth mineral interest thereafter acquired by the lessor Fannie Mae Thomas."

The facts relevant to the issue presented are as follows:

On October 29, 1958, Fannie Mae Thomas, and others, then the owners, collectively, of an undivided one-fourth of the minerals in and under the 320 acres of land, executed an oil and gas lease to Texaco. The lease described the entire 320 acres of land and contained no reservation or exception which would limit the leasehold estate thereby conveyed, and provided for an annual delay rental of $320.00.

The lease is a printed "Form 88—(Producers Special T.O.P.)", and it reads in part:

"If lessor owns a less interest in the above described land than the entire and undivided fee simple estate therein, then the royalties and rentals herein provided for shall be paid the said lessor only in the proportion which the lessor's interest bears to the whole and undivided fee.

"Lessor hereby warrants and agrees to defend the title to the lands herein described, . . . ."

On September 12, 1961, Fannie Mae Thomas, one of the lessors in the 1958 lease, acquired by deed from Pan Mutual Royalties, an additional undivided one-sixteenth mineral interest in and to the said 320 acres of land.

In March, 1967, the defendant, Texas Oil & Gas Corp., obtained an oil and gas lease from Fannie Mae Thomas, and others, on said additional one-sixteenth mineral interest, which is the center of this controversy.

Texaco asserts in its brief as follows: ". . . . [A]t that instant when Fannie Mae Thomas, in 1961, acquired her additional one-sixteenth of the mineral rights, the said interest did thereupon become subject to its lease and remains subject to its lease, and that in consequence, [the 1967 lease of Texas Oil & Gas Corp.] is void and ought [to] be cancelled as a cloud upon its [Texaco's] title."

Texaco further states that it rests its claim on the rule of estoppel by deed.

No case has been cited, nor have we found any case that is closely in point on the facts.

The trial court's "Memorandum of the Decision" reads in pertinent part:

". . . The issue is whether Texaco Inc. or Texas Oil & Gas Corp. has the lease on the 20 acre mineral interest in dispute.

"It is the Court's decision that the after acquired doctrine or the estoppel by deed theory would not extend plaintiff's oil and gas lease to cover 20 acre deeded mineral interest acquired after the lease, since it appears that the lease and bonus paid was intended to cover the mineral interest owned at the time of the lease.

"Summary Judgment is entered for the defendant Texas Oil & Gas Corp. quieting title to its 20 acre mineral interest in dispute."

And the "Journal Entry of Judgment" contains the following:

"12. The oil and gas leases here involved are contracts and must be interpreted as to give effect to the mutual intention of the parties as it existed at the time of contracting, so far as the same is ascertainable and lawful.

"13. The warranty clause contained in the '1958 lease' and described in Paragraph 3(a) above did not have the legal effect of subjecting Fannie Mae Thomas's after-acquired 1/16 or 20-acre mineral interest to the '1958 lease.'

"14. Under the facts of this case the doctrine of estoppel by deed should not be applied to cause the 20-acre mineral interest acquired by Fannie Mae Thomas in 1961 to be subject to and covered by the '1958 lease.'

"15. The 20-acre mineral interest acquired by Fannie Mae Thomas in 1961 is subject to and covered by the '1967 lease' by Fannie Mae Thomas and others, lessors, in favor of Texas Oil & Gas Corp., lessee."

Exhibit D, attached to Texaco's second amended petition, is a copy of the lease bonus check to the lessors from Texaco in 1958, for the sum of $600.00. Attached to the check is the voucher stub which reads:

"Undiv. 1/4 int. in 320 acres $600.00."

Texaco's first amended petition has attached thereto eight separate exhibits which read, "Receipt of Check is Hereby Acknowledged" showing that the Security State Bank, Cheyenne, Oklahoma, has received to the credit of the account of the lessors, a delay rental on the 1958 lease, of $80.00 for each of eight successive years. The lease has since been perpetuated by production.

■ As between the allegations in the petition as amended, and the attached exhibits which have a direct bearing on the issue involved, namely, the extent of the mineral interest leased, the exhibits are controlling. Nabob Oil Co. v. Bay State Oil & Gas Co., 208 Okl. 296, 255 P.2d 513 (1953); Fife v. Jackson Material Co., 190 Okl. 500, 125 P.2d 175 (1942).

Texaco's exhibits show conclusively that Texaco paid a $600.00 bonus in 1958 for a lease of an "Undiv. 1/4 int. in 320 acres," and further show that Texaco paid delay rental on one-fourth of 320 acres, or 80 acres, for the following eight years.

In Mee v. Service Specialists, Ltd., 432 F.2d 30 (C.A.10th 1970), the court held:

"The meaning of a contract should be arrived at by determining the intention of the parties thereto, upon a consideration of the attendant circumstances, the position of the parties and the purpose of the contract."

Also to be taken into consideration is the construction placed upon the lease contract by the parties themselves. Sykes v. Dillingham, 318 P.2d 416 (Okla.1957). The said exhibits show that the 1958 lease was regarded by both the lessors and Texaco as covering the one-fourth mineral interest then owned by the lessors in and to the 320 acres of land. The bonus and the delay rental were paid accordingly by Texaco.

■ To permit the one-sixteenth mineral interest, acquired by deed three years later, to be covered by the 1958 lease without the payment of any additional bonus, as Texaco purports to do, would be the taking of property without consideration, which violates all concepts of justice in both law and equity.

There is no claim nor is there any basis for a claim that the lessors purported to lease to Texaco more than they owned in 1958.

Under the undisputed facts of this case, the doctrine of estoppel by deed is not applicable.

The judgment of the trial court is sustained by the record, and it is hereby affirmed.

Affirmed.

BOX, P. J., concurs.