Howard K. FRAZIER, Bobbie Gattis and Evelyn Self, as children and next of kin of Robert W. Frazier, deceased, and Carrie Frazier, deceased, Plaintiffs–Appellants,

v.

BRYAN MEMORIAL HOSPITAL AU-THORITY d/b/a Bryan Memorial Hospital, Ruth Prough, Edith Burchfield, Karen Mackey, Defendants–Appellees,

Hospital Corporation of America, Republic Health Corporation of Oklahoma, Inc. d/b/a Bryan Memorial Hospital, Joy Shockley, Norman Dearnbarger and John Does, Defendants.

Howard K. FRAZIER, Bobbie Gattis and Evelyn Self, as children and next of kin of Robert W. Frazier, deceased, and Carrie Frazier, deceased, Plaintiffs–Appellants,

v.

HOSPITAL CORPORATION OF AMERICA, Defendant–Appellee,

Bryan Memorial Hospital Authority d/b/a Bryan Memorial Hospital, Ruth Prough, Edith Burchfield, Karen Mackey, Republic Health Corporation of Oklahoma, Inc. d/b/a Bryan Memorial Hospital, Joy Shockley, Norman Dearnbarger and John Does, Defendants.

Nos. 65360, 67294.

Supreme Court of Oklahoma.

May 9, 1989.

As Corrected May 16, 1989.

Rehearing Denied June 27, 1989.

Ronald A. Schaulat, Michael H. Brady, Oklahoma City, for appellants.

Page Dobson, John R. Denneny, Messrs. Holloway, Dobson, Hudson & Bachman, Oklahoma City, for appellees, Bryan Memorial Hosp. Authority d/b/a Bryan Memorial Hosp., Ruth Prough, Edith Burchfield and Karen Mackey.

Diane L. Worsham, Messrs. Kern, Worsham & McPhail, Ardmore, for appellee, Hospital Corp. of America.

OPALA, Vice Chief Justice.

The issues to be resolved are: 1) Was the appeal in Cause No. 65,360 timely brought? 2) If so, did the trial court err when it dismissed the defendants from the lawsuit? and 3) Was summary judgment on appeal in Cause No. 67,294 incorrectly given to another defendant in the case? We consolidate the two appeals and answer all three questions in the affirmative.

## I.

### THE CRITICAL FACTS IN LITIGATION

The appellants in both appeals [collectively called Frazier] sued all the appellees in a

single action for wrongful death. The appellees in Cause No. 65,360 are *collectively* called Hospital.[1] One of them, Bryan Memorial Hospital Authority d/b/a Bryan Memorial Hospital, is *individually* called Authority. The sole appellee in Cause No. 67,294, Hospital Corporation of America, is referred to as HCA.

Frazier alleged below that the harm sought to be redressed was caused by the negligence of Hospital and HCA when they created and implemented various employment and administrative policies and performed certain health care-related tasks. A wholly-owned subsidary of HCA, HCA Management Company, Inc. [Company]—an entity *not included as a party-defendant below*—had a management agreement with Authority for the operation of Bryan Memorial Hospital, where the harm allegedly occurred. Frazier's claim against HCA rests on its alleged control of Company during the operations within that contract's term.

Hospital moved for dismissal for failure to state a claim upon which relief can be granted on the grounds that 1) Authority should be treated as a political subdivision of the state and 2) the action against all the defendants collectively called Hospital is barred because, contrary to the mandatory provisions of 51 O.S.1981 § 156[2] of the Political Subdivision Tort Claims Act [Act],[3] Frazier had failed to give timely notice of his claim before filing the suit. With its dismissal motion, Hospital tendered evidentiary materials which *were not excluded* from the trial court's consideration.[4]

On May 22, 1985 the trial judge dismissed the claim against Hospital but later gave Frazier leave to replead by his second amended petition. In the latter pleading Frazier alleged, in essence, that the Act posed no obstacle to his recovery.[5] *This was the only significant change* from Frazier's last petition. In an effort to have itself excluded from the case, Hospital then addressed to the second amended petition a "motion to strike." This procedural device is generally viewed as designed for judicial exclusion of insufficient defenses[6] and un-

---

1. The appellees in appeal No. 65,360 are Bryan Memorial Hospital Authority d/b/a Bryan Memorial Hospital, Ruth Prough, Edith Burchfield and Karen Mackey.

2. The pertinent terms of 51 O.S.1981 § 156 are:
   "A. *Any person* having a claim against a political subdivision or an employee within the scope of this act *shall* petition the political subdivision for any appropriate relief including the award of money damages.
   "B. *A claim against a political subdivision or employee shall be forever barred unless notice thereof is filed* with the clerk of the governing body of the political subdivision within one hundred twenty (120) days after the loss occurs.
   "C. * * * *No action for any cause arising under this act shall be maintained unless valid notice has been given and the action is commenced within six (6) months after notification of denial of the claim* by the clerk of the political subdivision. * * *
   "D. *When the claim is one for death by wrongful act or omission, notice may be presented* by the personal representative, surviving spouse or next of kin or other legal representative or the consular officer of a foreign country of which the deceased was a citizen, *within one (1) year after the alleged injury or loss resulting in such death. * * *"* [Emphasis added.]

3. 51 O.S.1981 §§ 151 et seq. The Political Subdivision Tort Claims Act has since been amended and renamed The Governmental Tort Claims Act. 51 O.S.Supp.1984 § 151.

4. For the general rule that governs the trial court's consideration of matters extraneous to the pleadings when entertaining a motion to dismiss for failure to state a legally cognizable claim, see *infra* note 18.

5. The text of Frazier's addition in his postdismissal amended pleading is as follows:
   "The immunities or requirements of title 51 O.S.1981 § 151, et seq., also known as the Political Subdivision Tort Claims Act, *are inapplicable herein or have been waived* by Defendants Hospital Authority [Authority] or Hospital Corporation [HCA], or both, or, in the alternative, the relevant portions of said statute, if it be deemed to apply, have been met." [Emphasis added.]

6. See 12 O.S.Supp.1984 § 2012(D), whose pertinent terms are:
   "D. MOTION TO STRIKE. *Upon motion made by a party before responding to a pleading* or, if no responsive pleading is permitted by this act, upon motion made by a party within twenty (20) days after the service of the pleading upon him or upon the court's own initiative at any time, *the court may order stricken from any pleading any insufficient defense. * * *"* [Emphasis added.]

signed "pleadings, motions and other papers." [7] Since that was not the object sought to be achieved here, and Hospital's motion is but a request to be let out of the lawsuit based on the May 22 dismissal, we treat its motion to strike as if it were one *to dismiss*. [8] The trial court granted this relief on October 1, 1985. Within thirty days of that disposition, Frazier brought an appeal in Cause No. 65,360. [9]

In the meantime, HCA had moved for summary judgment, arguing it was *erroneously joined in lieu of its subsidiary, Company.* In the alternative, HCA argued that should the Political Subdivision Tort Claims Act apply to Frazier's demand against Hospital, and Company were to be treated as *both* an "employee" of Authority within the meaning of the Act [10] as well as HCA's agent or instrumentality, then HCA would be entitled to the same immunity as that enjoyed by Authority. Frazier opposed HCA's motion for summary judgment, arguing, among other things, that HCA and Company both held, *vis-a-vis* Authority, the status of an independent contractor. The trial court gave judgment to

HCA. Frazier seeks corrective relief by appeal in Cause No. 67,294. [11]

## II.

## THE MAY 22 DECISION WAS A NONAPPEALABLE INTERLOCUTORY ORDER, AND CAUSE NO. 65,360 IS A TIMELY–BROUGHT APPEAL

■ Hospital contends that the first appeal in this action, Cause No. 65,360, which was filed October 29, 1985, should be dismissed for untimeliness, because Frazier seeks review of the May 22, 1985 dismissal rather than of the one that occurred on October 1, 1985. [12] Since the petition-in-error was filed here within 30 days of the October 1 disposition, but *after* the 30–day period following the May 22 dismissal, the first question to be answered is whether the latter judicial act amounted to summary judgment that a) *terminated* the lawsuit as to Hospital, b) *at once became appealable* and hence c) caused *all* post-May 22 proceedings against Hospital to be unauthorized. We answer in the negative and hold that, for reasons to be stated, our

---

7. See 12 O.S.Supp.1987 § 2011, whose pertinent terms are:
    " * * * *If a pleading, motion, or other paper is not signed, it shall be stricken unless it is signed promptly* after the omission is called to the attention of the pleader or movant. * * *" [Emphasis added.]
    The pertinent terms of 12 O.S.Supp.1984 § 2011, which were in effect at the time of Hospital's "motion to strike," provided as follows:
    " * * * *If a pleading is not signed or is signed with intent to defeat the purpose of this section, it may be stricken* as sham and false and the action may proceed as though the pleading had not been served. * * *" [Emphasis added.]

8. Cf. Professional Asset Management v. Penn Square Bank, 566 F.Supp. 134, 136 [W.D.Okla. 1983].

9. Frazier urges Hospital's "motion to strike" should have been denied without a hearing for failure to comply with Rule 4, Rules for the District Courts, 12 O.S.Supp.1984, Ch. 2, App. Because that issue was not raised below we do not consider it on appeal.

10. The Political Subdivision Tort Claims Act, 51 O.S.1981 §§ 151 et seq., governs the tort liability of subdivision employees who acted within the scope of their employment when the harm oc-

curred. See 51 O.S.1981 §§ 152(2) and (5), 154 A., 161 and 162(A), (B) and (C).

11. For a chart of *status-related* factual issues that affect the individual and corporate defendants in the case, see the appendix to this opinion.

12. Hospital also urges that Cause No. 65,360 is fraught with a fatal defect and should be dismissed because Frazier's petition-in-error refers to the *May 22* and not to the October 1 dismissal as the decision sought to be reviewed. We reject this argument. The issues in Cause No. 65,360 are not to be divined solely from the recitations of the petition-in-error. Rather, they come tendered to us *via* Frazier's amended petition-in-error and brief. See Rule 1.17(a), Rules of Appellate Procedure in Civil Cases, 12 O.S. 1981, Ch. 15, App. 2, whose pertinent terms are:
    *"The petition in error may be amended* at any time before brief in chief is filed, or thereafter by leave of court, *to include any error or any issue presented to and resolved by the trial court which is supported by the record,* but if a party has filed a motion for new trial, errors either not alleged in that motion or not fairly comprised within the grounds alleged therein may not be asserted on appeal by such party. * * *" [Emphasis added.]

reviewing cognizance over the October 1 dismissal was timely invoked.[13]

The May 22 order addressed Hospital's first dismissal quest which was rested on 1) failure to state a claim upon which relief can be granted and 2) absence of statutorily required notice of the claim. The journal entry of that ruling contains findings based on the evidentiary materials Hospital tendered "without objection" from Frazier. The trial court expressly found that 1) appellee, Bryan Memorial Hospital Authority [Authority],[14] qualifies as a political subdivision according to the terms of 51 O.S. 1981 § 152(6)(d),[15] 2) before filing his lawsuit against Authority, Frazier failed to give timely notice of his claim, which is required by § 156 of the Act[16] and 3) the remaining appellees, who may qualify as Authority's employees, are also entitled to assert the lack-of-notice defense.[17]

While, up to this point, the May 22 order may in spots bear the earmarks of a terminal summary adjudication,[18] its text *concludes with a contrary recitation.* It explicitly provides that Hospital's *motion to dismiss* is

"sustained *for want of subject matter jurisdiction and for failure of plaintiffs to state a claim* ...; and said action is thereby ordered *dismissed* as against each and all of said Defendants." [Emphasis added.]

The order does not state whether the dismissal is with or without prejudice, and *there is no facial indication that either a summary judgment or a final order was intended.*[19]

■ When construing the terms of an unclear, doubtful or ambiguous order this court will examine the four corners of the

---

**13.** There is but one *jurisdictional* prerequisite for invoking this court's appellate power: a petition-in-error filed within thirty days of an appealable order. 12 O.S.1981 § 990, *infra;* Rule 1.15(a), Rules of Appellate Procedure in Civil Cases, *infra; Mayhue v. Mayhue,* Okl., 706 P.2d 890, 893 n. 4 [1985]. The October 1 dismissal, from which this appeal was timely brought, constitutes an appealable order. This is so because it lets Hospital out of the lawsuit. See *Oklahomans for Life, Inc. v. State Fair of Okl.,* Okl., 634 P.2d 704, 706 [1981].

The pertinent terms of 12 O.S.1981 § 990 are: *"An appeal to the Supreme Court may be commenced from an appealable disposition of a court or tribunal by filing with the Clerk of the Supreme Court a petition in error, within thirty (30) days from the date of the final order or judgment sought to be reviewed.*

    *       *       *       *       *       *

*"* * * * Provided, further, that, except for the filing of a petition in error as provided herein, all steps in perfecting an appeal are not jurisdictional."* [Emphasis added.]

The pertinent terms of Rule 1.15(a), Rules of Appellate Procedure in Civil Cases, 12 O.S.1981, Ch. 15, App. 2, are: *"The petition in error shall be filed within thirty days from the final judgment or final order;* appellant shall attach to the petition in error a copy of the designation of record filed in the trial tribunal pursuant to Rule 1.20(a). The interval allowed for filing a petition in error may not be extended by either the trial tribunal or this Court. * * *" [Emphasis added.]

**14.** See *supra* note 1.

**15.** The terms of 51 O.S.1981 § 152(6)(d) are:

"6. 'Political subdivision' means:

    *       *       *       *       *       *

d. *a public trust where a* city, town, school district or *county is a beneficiary;* and all their institutions, instrumentalities or agencies." [Emphasis added.]

**16.** For the pertinent terms of 51 O.S.1981 § 156, see *supra* note 2.

**17.** For the Act's effect on a subdivision employee's tort liability, see *supra* note 10.

**18.** See 12 O.S.Supp.1984 § 2012(B), whose pertinent terms are:

*" * * * If, on a motion ... to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment* and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by the rules for summary judgment. * * *" [Emphasis added.]

**19.** The journal entry indicates the May 22 dismissal was grounded in part on the lack of "subject matter jurisdiction." The district court stands in our constitutional order as a judicial tribunal of *unlimited* jurisdiction. Art. 7, § 7(a), Okl. Const. We have found no Oklahoma jurisprudence holding that failure to give the requisite notice of claim against a political subdivision *is destructive of the district court's subject matter jurisdiction.* See *Willbourn v. City of Tulsa,* Okl., 721 P.2d 803, 805 [1986]; *Neal v. City of Blackwell,* Okl., 670 P.2d 587, 588 [1983]; *Horinek v. Bd. of County Com'rs of Kay County,* Okl.App., 667 P.2d 479, 480 [1983].

record proper to interpret the trial judge's decision.[20] The materials may include post-decisional pleadings.[21] Within 30 days after the May 22 dismissal, Frazier was given leave (on June 21, 1985) to replead by an amended petition. The latter judicial act is entirely consistent *not only* with the May 22 order's *express terms*, but also with the provisions of 12 O.S.Supp.1984 § 2012(G),[22] which require that a litigant be granted leave to amend his pleading within a stated time *if* the defect in the pleading can be cured. Since Frazier's amendment was sanctioned below, we conclude the nisi prius court must itself have determined the defect in the dismissed petition was curable. Hospital's May 22 dismissal from the case clearly was not intended to be a *terminal* action against the defendants comprised within this appellation.

■ We will not construe an order as granting more relief than that which was

demanded.[23] Neither the trial judge nor the parties intended the May 22 dismissal to be a *final order* within the meaning of § 2012(G).[24] A dismissal for failure to state a claim upon which relief may be granted cannot be held to have been effected with prejudice to future amendment, if leave to replead was in fact granted a short time later by the same judge.[25] Because the trial judge's construction of his May 22 order offends no legal principle and is entirely consistent with the statutory pleading regime, we let it stand undisturbed.[26]

### III.

### FRAZIER'S POSTDISMISSAL AMENDED PLEADING STATES A CLAIM UPON WHICH RELIEF CAN BE GRANTED AGAINST HOSPITAL

■ Following Frazier's postdismissal amendment to his pleading, filed with leave

**20.** *Elliott v. City of Guthrie,* Okl., 725 P.2d 861, 863 [1986]; *Mayhue v. Mayhue, supra* note 13 at 893 n. 6.

**21.** *Elliott v. City of Guthrie, supra* note 20 at 863 n. 8.

**22.** The terms of 12 O.S.Supp.1984 § 2012(G) provide:
"*On granting a motion to dismiss a claim for relief, the court shall grant leave to amend if the defect can be remedied and shall specify the time within which an amended pleading shall be filed.* If the amended pleading is not filed within the time allowed, final judgment of dismissal with prejudice shall be entered on motion except in cases of excusable neglect. In such cases amendment shall be made by the party in default within a time specified by the court for filing an amended pleading. Within the time allowed by the court for filing an amended pleading, a plaintiff may voluntarily dismiss the action without prejudice." [Emphasis added.]

**23.** See *Harrigan v. Mason & Winograd, Inc.,* 121 R.I. 209, 397 A.2d 514, 516 [1979].

**24.** The terms of 12 O.S.Supp.1984 § 2012(B), *supra* note 18, do not prevent us from treating the May 22 disposition as an order of dismissal rather than a summary judgment. Some portions of the journal entry, i.e., findings based on materials *dehors* the pleadings, may be consistent with what might normally be included in a summary judgment, *but all other factors create a pervasive impression that no final and hence appealable adjudication was intended.* Our

analysis of this case's procedural posture is consistent with the policy statement in the Committee Comment on the provisions of 12 O.S.Supp. 1984 § 2012(G), which recites:
"The policy of the Oklahoma Pleading Code of deciding cases on the basis of the substantive rights involved rather than technicalities *requires* a plaintiff to be given *every opportunity* to cure a formal defect in his pleading. Under subsection G of Section 2012 the court *must allow* the plaintiff an opportunity to amend the petition within a specified time and should not dismiss the action, unless it appears to a certainty that the plaintiff cannot state a claim. * * *" [Emphasis added.]

**25.** See *Fife v. Jackson Material Co.,* 190 Okl. 500, 125 P.2d 175, 177–178 [1942]; *City of Okmulgee v. Berryhill,* Okl., 331 P.2d 940, 940–941 [1958].

**26.** Hospital did not *formally and directly* object to the trial court's authority to affect it by the postdismissal leave to replead. Nor did Hospital *directly* press for a hearing on the issue whether the May 22 dismissal should be treated as a summary judgment terminating the suit in its favor with prejudice to Frazier's right to replead.
The better practice would have been to either render summary judgment or dismiss the suit with or without prejudice; if with prejudice, then the memorial should recite that the pleading defects are found incurable. See *Carr v. Braswell,* Okl., 772 P.2d 915 [1989], 60 O.B.J. 898, 899 (1989). If without prejudice, plaintiff should have leave to amend within a stated

of court, Hospital moved to dismiss but this time tendered no evidentiary materials. It relied on the May 22 dismissal as though that decision precluded Frazier's demand against it. The trial court once again dismissed Hospital from the case on October 1, 1985. Within 30 days of that date, Frazier filed his petition-in-error. He now contends that the trial court should not have released Hospital from the claim a second time because, when he amended his pleading with leave of court, he cured the defect which precipitated the first dismissal. *Assuming, but not deciding,* that the earlier pleading *was* fatally deficient, the question to be answered now is whether Frazier's most recent amended petition states a claim upon which relief can be granted. We hold that it does.[27]

A pleading *must not* be dismissed for failure to state a legally cognizable claim *unless* the allegations indicate *beyond any doubt* that the litigant can prove *no* set of facts which would entitle him to relief.[28] In his postdismissal amendment Frazier averred that the Political Subdivision Tort Claims Act [29] does not apply to his demand against Hospital and that even if it did, either he fully satisfied its notice requirements or Hospital waived them.[30] Considering all allegations in the postdismissal amendment of Frazier's pleading, *we cannot say it is legally impossible* for Frazier to establish any of them to be true. He may be entitled to recovery if, for example, he can prove the Act poses no legal impediment to the maintenance of the action.

The trial court's October 1 dismissal must hence be reversed.[31]

IV.

## SUMMARY JUDGMENT FOR HCA WAS IMPROPER AND CANNOT STAND

■ HCA sought summary judgment against Frazier on two grounds: 1) it is "not a proper party" because Authority's hospital management agreement was with HCA's subsidiary, Company, and not with HCA itself and 2) if Company is found to have been a mere agent or instrumentality of HCA, and Company is further determined to have been an employee of Authority, then HCA is entitled to assert the Act's notice requirement as a defense. In support of its motion HCA tendered a former hospital administrator's affidavit stating that the management agreement was "with" Authority and Company, and that HCA and Company were "separate and distinct" corporations.

Frazier opposed HCA's quest for summary judgment, arguing that at least two material issues of fact remained to be resolved: 1) whether Company, admittedly a wholly-owned subsidiary of HCA, was but a mere instrumentality or agent of the latter and 2) assuming the Act does apply to this claim, whether Company was Authority's employee or an independent contractor. Although evidentiary materials were tendered to show these fact issues to

---

time. See 12 O.S.Supp.1984 § 2012(G), *supra* note 22.

**27.** Inasmuch as we hold today the trial court erred when it dismissed Hospital from the action a second time on October 1, it is unnecessary to reach Frazier's alternative contention that discovery should have been allowed before Hospital's first and second quests for dismissal were reached for decision.

**28.** *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 [1957]; *Atchison, Topeka and Santa Fe Ry. Co. v. Buell,* 480 U.S. 557, 107 S.Ct. 1410, 1417 n. 15, 94 L.Ed.2d 563 [1987]; see also, Committee Comment to 12 O.S.Supp. 1984 § 2012(B).

**29.** See *supra* note 3.

**30.** For the pertinent text of Frazier's pleading, see *supra* note 5.

**31.** Hospital asserts that because "any and all [post-May 22 dismissal] amendments made by the appellants [Frazier] affected only ... [Authority] and not the individual appellees" (see *supra* note 1), none of the latter parties should be adversely affected by the outcome of this appeal. When Frazier amended his pleading after the May 22 nonterminal dismissal and alleged, among other things, that the Act does not apply (see *supra* note 5), he cannot be said to have confined the averment to Authority only. If the allegation is proven true, the remaining appellees may be equally affected by Frazier's second amended petition. For the Act's effect on a subdivision employee's tort liability, see *supra* note 10.

exist, the trial court gave summary judgment to HCA.

■ If one corporation is but an instrumentality or agent of another, corporate distinctions must be disregarded and the two separate entities must be treated as one.[32] Whether this theory of vicarious liability be based on the principles of agency or on the doctrine of "piercing the corporate veil," it doubtless gives rise to a fact question.[33] HCA emphatically argues the issue is resolved here by the evidentiary materials tendered below. We cannot accede to its contention.

■ The question whether an allegedly dominant corporation may be held liable for a subservient entity's tort hinges primarily on *control*.[34] Factors which may be considered at trial include whether 1) the parent corporation owns all or most of the subsidiary's stock, 2) the corporations have common directors or officers, 3) the parent provides financing to its subsidiary, 4) the dominant corporation subscribes to all the other's stock, 5) the subordinate corporation is grossly undercapitalized, 6) the parent pays the salaries, expenses or losses of the subsidiary, 7) almost all of the subsidiary's business is with the parent or the assets of the former were conveyed from the latter, 8) the parent refers to its subsidiary as a division or department, 9) the subsidiary's officers or directors follow directions from the parent corporation and 10) legal formalities for keeping the entities separate and independent are observed.[35]

The materials which Frazier tendered below to oppose Hospital's motion for summary judgment clearly show the existence of factual issues that must be left for the trier's determination, i.e., whether Company is a "dummy" corporation or mere instrumentality of HCA. The two entities have a common purpose: to own, operate and manage hospitals. Company refers to HCA when advertising, and one person responds to inquiries for both businesses. Company is a wholly-owned subsidiary of HCA, and, more significantly, Company's cash admittedly is "commingled" with that of HCA's other subsidiaries in an account managed by HCA.

The management agreement between Company and Hospital requires the latter to secure and maintain insurance with both Company and HCA as named insureds and prohibits amendments without HCA's written consent. Lastly, HCA guarantees Company's performance of all obligations assumed by the contract with Hospital.

In its answer brief HCA concedes that Frazier has established four factors which are "relevant" to the issue whether Company is its agent or instrumentality: 1) HCA owns 100% of Company's stock, 2) in 1982–1983 Company had one director in common with HCA, 3) in 1982–1983 the two corporations had two officers in common and 4) both HCA and Company have the same corporate address. Each factor is said to be present in most parent/subsidiary relationships. HCA also listed several other alleged facts *to show that Company is* a separate and distinct entity from HCA.

32. *Wallace v. Tulsa Yellow Cab Taxi & Baggage Co.*, 178 Okl. 15, 61 P.2d 645, 647–648 [1936].

33. See *Pacific Can Co. v. Hewes*, 95 F.2d 42, 46 [9th Cir.1938].

34. "When one corporation is but an instrumentality or adjunct of another by which it is dominated and controlled, a court may look beyond the form to the substance of the situation, and disregard the theory of distinct legal entity, for the purpose of holding the dominant corporation responsible for the liabilities of the sham corporation." *Wallace v. Tulsa Yellow Cab Taxi & Baggage Co.*, *supra* note 32, 61 P.2d at 645 (the court's syllabus ¶ 1).

35. *Fish v. East*, 114 F.2d 177, 191 [10th Cir. 1940]; *Rea v. An–Son Corp.*, 79 F.R.D. 25, 30–31 [W.D.Okla.1978]. See also, *Wallace v. Tulsa Yellow Cab Taxi & Baggage Co.*, *supra* note 32, 61 P.2d at 648; Annot.: Liability of corporation for torts of subsidiary. 50 A.L.R. 611; Annot.: Liability of Corporation for Torts of Subsidiary. 7 A.L.R.3rd 1343. "Something more than a community of interest in pursuit of a common end must be shown before a court of equity will, for the purposes of a given case, strip two corporations of their distinct personalities and practically blend them into one." *Philadelphia Storage Battery Co. v. Radio Corporation*, 22 Del.Ch. 211, 194 A. 414, 422 [1937].

The purpose of a summary judgment motion is not to try disputed fact issues by an exchange of paperwork. The question before us is whether HCA has shown the *absence* of any factual dispute over the nature of its relationship with Company. In light of *all* the evidentiary materials, we must conclude that it has not.

■ HCA's alternative ground for summary judgment must also fail. It rests on the assumption that HCA can escape liability by clothing itself, *vis-a-vis* Authority, with the status of a political subdivision's employee rather than that of an independently contracting managerial entity. According to HCA, the management agreement between Company and Authority *alone proves* that Company was the latter's employee. This is so, HCA argues, because the contract's terms indicate Authority "had the right to control" Company's actions. We cannot conclude that the Authority/Company operating agreement can be treated as *conclusive* of Company's status *vis-a-vis* Authority.[36]

36. In its answer brief HCA refers us to the following portions of the management agreement between Authority and Company as proof of the latter's alleged status as Authority's employee:

"BMH [Authority] desires to employ HMC [Company], under the terms of this agreement, to provide its experience, skills, supervision and certain personnel in the operations of the hospital, located in Durant, Oklahoma (hereinafter referred to as 'Hospital'), owned by Bryan County, *with the full authority and ultimate control of the hospital remaining with BMH's Board of Trustees* (hereinafter the 'Board').

"1.2 *AUTHORITY AND RESPONSIBILITIES OF MANAGER.* As manager of the hospital, HMC shall have authority and responsibility to conduct, supervise, and manage the day-to-day operation of the hospital. *Subject to any different conditions imposed by the Board,*

Generally, *status between juristic persons is determinable from the facts.that surround the parties' relationship and their conduct toward each other;* an assessment of the quantum of control one entity exercised over another at some critical time in contest requires an exploration of facts.[37] If HCA is found to have controlled Company when the harm to Frazier occurred, then HCA's own status *vis-a-vis* Authority will become a crucial fact issue to be resolved. Summary judgment for HCA was accordingly improper and cannot stand.

THE TRIAL COURT'S DISMISSAL ON REVIEW IN CAUSE NO. 65,360 AND ITS SUMMARY JUDGMENT IN CAUSE NO. 67,294 ARE REVERSED; THE CAUSES ARE REMANDED FOR FURTHER PROCEEDINGS NOT INCONSISTENT WITH THIS PRONOUNCEMENT.

All Justices concur.

HMC shall manage the hospital in the same efficient manner as HCA manages hospitals owned solely by it. *In the absence of oral or written direction or written policies of the Board,* HMC shall be expected to exercise reasonable judgment in its management activities. HMC shall specifically have responsibility, and commensurate authority, *subject to the direction of the Board or its designated representatives, the written policies of the Board, and budget approved by the Board as hereinafter provided, for the following activities.*" [Emphasis supplied by HCA.]

37. *Enterprise Mgmt. Consul. v. Tax Com'n,* Okl., 768 P.2d 359, 362 [1988]. See also, *Hinson v. Cameron,* Okl., 742 P.2d 549, 557 n. 32 [1987]; *Brewer v. Bama Pie, Inc.,* Okl., 390 P.2d 500, 502 [1964]; *Brown v. Burkett,* Okl., 755 P.2d 650 [1988]; *Smith v. St. Francis Hosp., Inc.,* Okl. App., 676 P.2d 279, 281 [1983].

APPENDIX

---

**FRAZIER**
(Howard K. Frazier, Bobbie Gattis
and Evelyn Self,
Plaintiffs/Appellants in both appeals)

sued

[collectively called **Hospital**]

**AUTHORITY**
(Bryan Memorial Hospital
Authority d/b/a Bryan
Memorial Hospital, Defen-
dant/Appellee in 65,360)

[Political subdivision?]

Ruth Prough, Edith Burch-
field and Karen Mackey,
(Defendants/appellees
in 65,360)

[Employees of a political
subdivision?]

**HCA**
(Hospital Corporation of America,
America, Defendant/Appellee
in 67,294)

[Principal/controlling
entity over Company?]
If so,
[Independent contractor or
Authority's employee?]

Management
Agreement

**COMPANY** [not a party]
(HCA Management Company
Inc., a wholly-owned
subsidiary of HCA)

[Independent contractor
or
Authority's employee?]

[Agent or controlled
alter ego of HCA?]

Actual relationship
between Company and HCA
cannot be determined
from the evidentiary
materials.