257 N.J. Super. 314 (1992)
608 A.2d 434
DEBORAH DOLAN AND SAGAMORE FARMS, INC., PLAINTIFFS-APPELLANTS,
v.
UNITED STATES EQUESTRIAN TEAM, INC., A NEW YORK CORPORATION; AMERICAN HORSE SHOWS ASSOCIATION, INC., A NEW YORK CORPORATION; WILLIAM STEINKRAUS, FRANK CHAPOT, LINDA ALLEN AND GEORGE MORRIS, INDIVIDUALLY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued April 13, 1992.
Decided June 25, 1992.
*315 Before Judges J.H. COLEMAN, BILDER and KEEFE.
Joseph P. Moodhe of the New York Bar, admitted pro hac vice, argued the cause for appellants (Shanley & Fisher [New Jersey counsel] and Debevoise & Plimpton [New York counsel], attorneys; Joseph P. Moodhe and Richard E. Brennan, of counsel; Joseph P. Moodhe, Richard E. Brennan, Donald F. Scholl, Jr. and Fritz Beshar, on the brief).
Albert G. Besser argued the cause for respondent United States Equestrian Team, Inc. (Hannoch Weisman, attorneys; Albert G. Besser, of counsel; Albert G. Besser and Catherine P. Reilly, on the brief).
Ira A. Finkelstein of the New York Bar, admitted pro hac vice, argued the cause for respondent, American Horse Shows Association, Inc. (Tenzer, Greenblatt & Zunz [New Jersey counsel] and Tenzer, Greenblatt, Fallon & Kaplan [New York counsel] attorneys; Ira A. Finkelstein, Joseph C. Kaplan and Eric D. Cherches, of counsel; Ira A. Finkelstein and Joseph C. Kaplan, on the brief.
Richard F. Collier, Jr. argued the cause for respondents Steinkraus, Chapot, Allen and Morris (Collier, Jacob & Mills, attorneys; Richard F. Collier, Jr. and Kathleen M. McLeod, on the brief).
The opinion of the court was delivered by BILDER, J.A.D.
*316 This is an appeal by an amateur horse rider from an order of the Chancery Division dismissing a suit against two non-profit amateur athletic associations, defendants United States Equestrian Team, Inc. and American Horse Shows Association, Inc. (AHSA) and the officers of AHSA, essentially for their failure to choose her as a member of the American team which competed at the 1990 World Equestrian Championship in Stockholm. In a seven count complaint, plaintiffs Deborah Dolan and her horse farm, Sagamore Farms, Inc., charge violation of the federal Amateur Sports Act, 36 U.S.C.A. § 371, et seq.; false representations with respect to the selection procedures and criteria; negligent representations with respect to the selection procedures and criteria; breach of promise with respect to the selection procedures and criteria; breach of promise to permit her to compete as a member of the team after she had been selected; and fraudulent actions by the officers of the defendant United States Equestrian Team, Inc. (defendants William Steinkraus, Frank Chapot, Linda Allen and George Morris) to deprive her of her selection as a member of the team and malicious interference by those officers with her contractual right to compete as a member of the team.
The matter came before the trial judge on a series of motions by the different defendants which taken together essentially sought a dismissal for failure to state a cause of action, see R. 4:6-2, and/or a summary judgment as a matter of law, there being no genuine dispute as to any material facts, see R. 4:46-1. Although some argument is raised by plaintiffs as to the procedural propriety of the consideration of the motions as brought under both rules, we are satisfied that the court was procedurally correct in its interpretation of the moving papers and that, in any event, plaintiffs were not unfairly surprised or prejudiced by those rulings. See State v. Kociolek, 23 N.J. 400, 428, 129 A.2d 417 (1957).
*317 In an oral opinion of January 28, 1991, the trial judge dismissed the complaint on alternative grounds: (1) whether viewed under R. 4:6-2(e) or under R. 4:46-2, Ms. Dolan[1] has no cognizable cause of action citing Rutledge v. Gulian, 93 N.J. 113, 124, 459 A.2d 680 (1983); Higgins v. American Society of Clinical Pathologists, 51 N.J. 191, 202, 238 A.2d 665 (1968); and Loigman v. Trombadore, 228 N.J. Super. 437, 449-450, 550 A.2d 154 (App.Div. 1988), i.e., the complaint failed to allege a cause of action; (2) there was a failure to exhaust her administrative remedies; and (3) there was a failure to join an indispensable party, Ms. Kursinski.[2]
Because we are satisfied that plaintiffs' claims are barred by a failure to exhaust administrative remedies, we do not consider the other grounds upon which the trial court based its decision nor other contentions raised by the parties.
Participation in international sports competitions on behalf of this country is governed by the federal Amateur Sports Act, 36 U.S.C.A. § 371 et seq. The Act and its legislative history have been exhaustively examined and carefully analyzed by a number of federal Courts of Appeal. Behagen v. Amateur Basketball Ass'n of U.S., 884 F.2d 524 (10th Cir.1989), cert. den., 495 U.S. 918, 110 S.Ct. 1947, 109 L.Ed.2d 310, (1990); Oldfield v. Athletic Congress, 779 F.2d 505 (9th Cir.1985); Michels v. United States Olympic Committee, 741 F.2d 155 (7th Cir.1984); also Devereaux v. Amateur Softball Ass'n of America, 768 F. Supp. 618 (S.D.Ohio 1991). Any further comment in this regard by us would be mere redundancy. It is sufficient to understand that an important feature of the Act is its provision for the use of administrative procedures to resolve disputes.
The prompt resolution of disputes was a principal purpose of the Act. See Michels v. United States Olympic Committee, *318 supra, 157; Oldfield v. Athletic Congress, supra, 506-507; also San Fran. Arts & Athletics, Inc. v. U.S.O.C., 483 U.S. 522, 544, 107 S.Ct. 2971, 2985, 97 L.Ed.2d 427, 453 (1987) ("The Amateur Sports Act was enacted `to correct the disorganization and the serious factional disputes that seemed to plague amateur sports in the United States'"). One of the enumerated purposes of the United States Olympic Committee (USOC), the vehicle created by Congress to coordinate amateur athletics and national governing bodies, was to
provide for the swift resolution of conflicts and disputes involving amateur athletes, national governing bodies, and amateur sports organizations, and protect the opportunity of any amateur athlete, coach, trainer, manager, administrator, or official to participate in amateur athletic competition ... [36 U.S.C.A. § 374(8)]
To this end the USOC was empowered to
facilitate, through orderly and effective administrative procedures, the resolution of conflicts or disputes which involve any of its members and any amateur athlete, coach, trainer, manager, administrator, official, national governing body[3], or amateur sports organization and which arise in connection with their eligibility for and participation in the Olympic Games, the Pan-American world championship competition, or other protected competition as defined in the constitution and bylaws of the [USOC][4] ... [36 U.S.C.A. § 375(a)(5).]
and was required to establish an appropriate mechanism in its constitution and bylaws.
In its constitution and bylaws, the [USOC] shall establish and maintain provisions for the swift and equitable resolution of disputes involving any of its members and relating to the opportunity of an amateur athlete, coach, trainer, manager, administrator, or official to participate in the Olympic Games, the Pan-American Games, world championship competition, or other such protected competition as defined in such constitution and bylaws. [36 U.S.C.A. § 382b. Resolution of disputes.]
*319 Congress placed similar strictures on the national governing bodies.
No amateur sports organization is eligible to be recognized or is eligible to continue to be recognized as a national governing body unless it 
(3) agrees to submit, upon demand of the [USOC] to binding arbitration conducted in accordance with the commercial rules of the American Arbitration Association in any controversy involving its recognition as a national governing body * * * or involving the opportunity of any amateur athlete, coach, trainer, manager, administrator or official to participate in amateur athletic competition, as provided for in the [USOC's] constitution and bylaws;
(11) provides procedures for the prompt and equitable resolution of grievances of its members; [36 U.S.C.A. § 391(b)(3) and (11).]
And finally, Congress set forth a detailed mechanism by which grievances or disputes were to be resolved. 36 U.S.C.A. § 395.
It is undisputed that both USOC and defendant AHSA adopted appropriate arbitration provisions in accordance with the Act.[5]
An examination of the federal cases which have considered the matter shows that they have uniformly held that the Act creates no private rights of action and that an exhaustion of the administrative remedies is a condition precedent to any legal action. See Behagen v. Amateur Basketball Ass'n of U.S., supra, at 531; Oldfield v. Athletic Congress, supra, 508; Michels v. United States Olympic Committee, supra, at 158; Devereaux v. Amateur Softball Ass'n of America, supra, 623; DeFrantz v. United States Olympic Com., 492 F. Supp. 1181, 1192 (D.D.C. 1980), aff'd, 701 F.2d 221 (D.C. Cir.1980). We are persuaded as to the correctness of those views and satisfied that we should follow them. The comprehensive provisions for arbitration, as well as the legislative history, clearly demonstrate a congressional determination that disputes shall be resolved by arbitration. Moreover, we believe the Act should *320 be uniformly interpreted; that it would be inappropriate to attribute different or unique meanings to its provisions in New Jersey and thus create a jurisdictional sanctuary from the Congressional determination that these types of disputes should be resolved outside the judicial processes.
We agree with the trial judge that there is nothing unfair about requiring plaintiff to exhaust her administrative remedies. As we noted in Alicea v. NTS., 244 N.J. Super. 119, 134, 581 A.2d 900 (App.Div. 1990), aff'd, 128 N.J. 303, 608 A.2d 218 (1992), a plaintiff who is required to rely on a non-judicial procedure is not remediless. And we agree with Judge Posner that courts are hardly suitable to determine the eligibility, or the procedure for determining the eligibility, of athletes to participate on our behalf in international competitions. Michels v. United States Olympic Committee, supra, 159 (concurring opinion). See also Mercury Bay Boating v. San Diego Yacht, 76 N.Y.2d 256, 265, 557 N.Y.S.2d 851, 856, 557 N.E.2d 87, 92 (Ct.App. 1990).
Affirmed.
NOTES
[1] Since, as plaintiffs concede, the claim of Sagamore Farms is dependent upon that of Ms. Dolan, we treat Ms. Dolan as the plaintiff.
[2] Ms. Kursinski was the individual chosen to compete in Ms. Dolan's stead.
[3] For each sport USOC is authorized to recognize one amateur sports organization as the national governing body to represent the United States and appropriately coordinate and supervise our participation with respect to that sport in international competition, including the selection and designation of the individuals and/or teams who are to represent this nation. 36 U.S.C.A. §§ 373(6), 391(a), 393. Defendant American Horse Shows Association is the national governing body for equestrian events.
[4] The 1990 World Championship in Stockholm was a "protected competition".
[5] Plaintiff Dolan was indisputably a member of AHSA and bound by its constitution and bylaws. See Loigman v. Trombadore, 228 N.J. Super. 437, 449-450, 550 A.2d 154 (App.Div. 1988).