**Dan CANTRELL, Appellant,**

v.

**UNITED STATES SOCCER FEDERATION (USSF); United States Youth Soccer Association (USYSA); Oklahoma Soccer Association (OSA); and the Frontier Country Soccer Association, Inc., Appellees.**

No. 86367.

Court of Appeals of Oklahoma, Division No. 3.

June 25, 1996.

Rehearing Denied Aug. 13, 1996.

Steven M. Angel, Oklahoma City, for Appellant.

Wesley C. Fredenburg and Robert E. Bacharach, Oklahoma City, for Appellee, U.S. Soccer Federation.

George S. Corbyn, Jr., Oklahoma City, for Appellee, U.S. Youth Soccer Association.

John B. Heatly, Oklahoma City, for Appellees, Oklahoma Soccer Association, and Frontier Country Soccer Association.

### OPINION

HANSEN, Presiding Judge:

In this tort action allegedly arising from violation of implied contractual obligations and certain common law duties, Appellant Dan Cantrell (Cantrell) seeks review of the trial court's order dismissing his claims with prejudice. The appeal was filed in accordance with the accelerated procedures set forth in Rule 1.203, Rules of Appellate Procedure in Civil Cases, 12 O.S.1991 Ch. 15, App. 2.

Cantrell's Petition reflects that "at all times material herein", he was a coach of the Ione Soccer Club of the Frontier Country Soccer Association (FCSA). The Petition further reflects FCSA is a member of the Oklahoma Soccer Association (OSA), which in turn is a member of the United States Youth Soccer Association (USYSA), and the USYSA is a member of the United States Soccer Federation (USSF) (collectively Appellees). USSF is the "national governing body" for the sport of soccer pursuant to the Amateur Sports Act of 1978 (the Act), 36 U.S.C. § 371 et seq.

Cantrell alleges OSA, after having received a complaint reporting that Cantrell assaulted an official, suspended him as a coach in violation of the rules and regulations of OSA, USYSA and USSF. Cantrell also alleges OSA conducted a hearing in violation of the Act and the organizations' rules and regulations. OSA placed Cantrell on probation for two years, but he continued as coach. He filed this action the day after the probationary period ended.

Cantrell's first claim was for tortious breach of contract. He alleged "an implied contract was created by virtue of plaintiff joining and participating in the activities of defendants, . . ., and the parties agreeing to be bound by the rules and regulations of said organizations". Cantrell asserted Appellees tortiously breached this implied contract by wilfully and maliciously [a] taking disciplinary action because of his filing complaints, [b] adopting and ratifying the actions of FCSA and OSA and [c] failing to comply with their own rules and regulations.

As his second claim, Cantrell alternatively alleged tortious interference with rights. He claimed a right of recovery under Article 2, § 6 of the Oklahoma Constitution. He contended he suffered injury as the result of Appellees' violation of a duty they owed him "to conduct their actions in accordance with their own rules and regulations, and in a fair and impartial manner". The alleged violative actions were the same as those in his first claim. Under both claims, Cantrell asserted he "suffered pain, suffering, emotional distress, and humiliation" as the result of Appellees' actions.

USYSA and USSF each filed a motion to dismiss Cantrell's action. USYSA argued Cantrell failed to state a claim upon which relief could be granted because [1] tortious

breach of contract applies only to actions for insurance company bad faith and [2] Article 2, § 6 of the Oklahoma Constitution, upon which Cantrell's alternative claim is based, is merely declaratory of fundamental principles and does not create an independent cause of action.

USSF adopted the USYSA brief in support of its motion to dismiss, and additionally argued that even if Cantrell's claimed causes of action did exist in Oklahoma, those claims would be preempted by the Act. OSA and FCSA filed a joint motion to dismiss, adopting the USSF and USYSA briefs. After Cantrell's consolidated response to the several motions to dismiss, and Appellees' joint reply to Cantrell's response, the trial court ordered Cantrell's claims dismissed with prejudice.

In its order dismissing the action, the trial court specifically found Cantrell's claims were preempted by the Act, and did not reach Appellees' argument that the claims were not recognized under Oklahoma law. Cantrell's sole appellate proposition is whether his claims were preempted by the Act, which implicitly questions the propriety of the trial court's dismissal.

■ Review of a trial court's dismissal for failure to state a claim upon which relief can be granted is de novo and involves consideration of whether a plaintiff's petition is legally sufficient. *Gay v. Akin,* 766 P.2d 985, 989 (Okla.1988) (footnote 13). A pleading must not be dismissed for failure to state a legally cognizable claim unless the allegations indicate beyond any doubt that the litigant can prove no set of facts which would entitle him to relief. *Frazier v. Bryan Memorial Hospital Authority,* 775 P.2d 281, 287 (Okla. 1989).

■ Cantrell acknowledges applicability of the Act in his Petition, and in fact grounds his claims on alleged violation of rules and regulations promulgated by Appellees under authority of the Act. Under the Act, as amended in 1978, Congress vested the United States Olympic Committee (USOC) with the authority to regulate amateur athletics and amateur sports organizations. *Barnes v. International Amateur Athletic Federation,*

862 F.Supp. 1537 (S.D.W.Va.1993). One of the statutory purposes of the USOC is to "protect the opportunity of any amateur athlete, coach, ... to participate in amateur athletic competition". 36 U.S.C. § 374(8).

The Act authorizes the USOC to recognize one "national governing body" for each Olympic or Pan American Games sport. 36 U.S.C. § 391. To qualify as a national governing body, the sports organization must provide procedures for the "prompt and equitable resolution of grievances of its members". 36 U.S.C. § 391(b)(11). Each national governing body, in this case the USSF, is granted the exclusive right to conduct amateur competitions and to "establish procedures for the determination of eligibility standards for participation in such competitions". 36 U.S.C. § 393.

Oklahoma's appellate courts have not addressed the effect of the Act. The Act has most often been the subject of federal court consideration, and we may draw guidance from those holdings. In *Behagen v. Amateur Basketball Association of the United States,* 884 F.2d 524 (10th Cir.1989), the Circuit Court noted that Congress debated provisions intended to ensure a federal cause of action for due process violations involving institutions under the Act, and rejected any such provisions.

The *Behagen* court also found it was not without reason that the coordination and control of amateur sports has not been a traditional governmental function, citing Judge Posner's pronouncement:

> Any doubt on this score can be dispelled by the reflection that there can be few less suitable bodies than the federal courts for determining the eligibility, or the procedures for determining the eligibility, of athletes to participate in the Olympic Games.

*Michels v. United States Olympic Committee,* 741 F.2d 155 (7th Cir.1984) (Posner, J. concurring).

In addition to the absence of an express private right of action under the Act, federal courts have further held there is no such *implied* right. *Michels,* at 158; *Oldfield v. Athletic Congress,* 779 F.2d 505 (9th Cir.

1985). While Congress did not provide for a private right of judicial action to enforce the Act, it did provide for ongoing review of national governing bodies by the USOC in order to ensure compliance with the Act, including a hearing mechanism if a national governing body is alleged not to be in compliance. *Behagen,* 884 F.2d at 532; 36 U.S.C. §§ 394, 395. Also, in order to be recognized as the national governing body for soccer, the USSF had to agree to binding arbitration in any controversy involving, among other things, the opportunity for any amateur athlete or coach to participate in amateur athletic competition. 36 U.S.C. § 391(b)(3).

Our sister court, the Appellate Division of the Superior Court of New Jersey, has contemplated the foregoing provisions of the Act and held:

> The comprehensive provisions for arbitration, as well as the legislative history, clearly demonstrate a congressional determination that disputes shall be resolved by arbitration. Moreover, we believe the Act should be uniformly interpreted; that it would be inappropriate to attribute different or unique meanings to its provisions in New Jersey and thus create a jurisdictional sanctuary from the Congressional determination that these types of disputes should be resolved outside the judicial processes.

*Dolan v. United States Equestrian Team, Inc.,* 257 N.J.Super. 314, 608 A.2d 434 (App. Div.1992).

Although Cantrell purports to assert his claims in tort, it is clear from reading his Petition as a whole that he effectively seeks a further appeal of the administrative determinations made by Appellees under the authority of the Act. His claims are grounded, whether alleged as arising from implied contract or common law duty, on his contention that Appellees failed to comply with their own rules and regulations. That contention is exactly what the administrative review scheme under the Act is intended to cover. Congress has reserved those questions for determination according to the Act.

Cantrell does not allege separate tortious acts which are outside the scope of that administrative scheme. A trier of fact in our court system would be required to decide the very same issues necessary to the administrative determination made under USOC auspices.

We find Congress, as a general matter, intended to leave questions of eligibility of those involved in amateur athletics to be resolved in accordance with the Act. On the record before us, and without finding that *no* set of circumstances could ever give rise to a private claim relating to actions taken pursuant to the Act, we hold that Cantrell could prove no set of facts which would entitle him to relief. *Frazier v. Bryan Memorial Hospital Authority,* 775 P.2d at 287.

The order of the trial court dismissing Cantrell's action is accordingly AFFIRMED.

ADAMS, V.C.J., and BUETTNER, J., concur.