HADSON PETROLEUM CORPORATION, a corporation, Appellant,

v.

JACK GRYNBERG & ASSOCIATES, Appellee.

No. 59767.

Supreme Court of Oklahoma.

Sept. 27, 1988.

Michael P. Warwick, Adcock & Flowers, Shawnee, for appellant.

Gregory L. Mahaffey, J. Jayne Jarnigan, Mahaffey & Gore, P.C., Oklahoma City, for appellee.

HARGRAVE, Vice Chief Justice.

The question certified to this Court arises in an action that is a result of a dispute over the costs of drilling and operating the Harmon No. 1–31 well, located in Section 31, T24N, R16W in Woods County, Oklahoma.

The defendant, Jack Grynberg & Associates, and the plaintiff, Hadson Petroleum Corporation, entered into a private contractual agreement providing for the allocation of drilling and operating costs. The Corporation Commission, in Order No. 195828 designated the plaintiff the operator of the well. This order gave the owner of any affected interest three alternative courses of action. One of these was the right to participate in the development of the unit well and pay his proportionate share of the actual costs of drilling the well. The Commission retained the right to resolve disputes over the costs involved.

The defendant now claims it has paid that proportionate share of the drilling and operating costs specified in the pooling order and refuses to make the additional payments specified in the private operating agreement. The defendant takes the position that a dispute over well costs must be resolved by the Corporation Commission under the terms of 52 O.S.1981 § 87.1(e). In contrast, the plaintiff asserts the order applies only to owners not agreeing privately to develop the unit. Plaintiff reasons that by entering into a private agreement to participate in the well, the defendant has forsaken the opportunity to participate in the well under the terms of the Commission's order. Also plaintiff asserts this private operating agreement, and disputes over it, are beyond the jurisdiction of the Commission. Thus arises the question certified to us, which is:

Under the terms of a pooling order wherein the Oklahoma Corporation Commission specifically reserves jurisdiction to determine reasonableness of well costs in the event of a subsequent dispute, does the Corporation Commission, a tribunal of limited jurisdiction, have exclusive jurisdiction to determine reasonable drilling costs of an oil and gas well and grant appropriate relief as between the operator designated in the pooling order and another working interest owner who did not elect under the pooling order but entered into a private contractual agreement for the drilling and operation of the well?

The question certified is closely coupled to the issues discussed in *Tenneco Oil Co. v. El Paso Natural Gas Co.*, 687 P.2d 1049 (Okl.1984), and the succeeding cases of *Samson Resources Co. v. Corporation Commission*, 702 P.2d 19 (Okl.1985), *MM Resources, Inc. v. Huston*, 710 P.2d 763 (Okl.1985), and *Nilsen v. Ports of Call Oil Co.*, 711 P.2d 98 (Okl.1985). In these cases this Court delineated the respective rolls of the district court and Corporation Commission in disputes arising out of operations involving the pooling of interests for the development of oil and gas. In these cases this Court stated that a forced pooling order lays a basic foundation with respect to the relative rights and obligations of parties holding an interest in affected mineral rights in the unit covered by the pooling order. The various interest-holding entities may expand on the basic framework of the pooling order by private agreement to fur-

ther delineate their rights and obligations under the pooling order. *Leede Oil & Gas v. Corporation Commission*, 747 P.2d 294 (Okl.1987). Disputes arising concerning private rights under the terms of such a contract, as distinguished from public issues concerning the conservation of oil and gas initiating from the pooling order, properly lie in the district court rather than in the Commission. *Leede, supra, Tenneco, supra.* At a minimum, public rights must arise between the public and others; the liability of one individual to another under the law is a matter of private rights. This point is succintly summarized in *MM Resources, Inc., supra* 710 P.2d at 765.

> [T]his Court held parties to a forced-pooling order may privately contract so as to enlarge or otherwise define the terms set forth in the pooling order and the district court may settle controversies regarding the obligations under the contract. It is clear from *Tenneco* that the majority of this court takes the position that the proper forum to decide private-rights disputes (sic) in the district court. 687 P.2d 1053.

The present action, and the dispute engendering it, does not present a matter involving protection of correlative rights or the prevention of waste and is therefore outside the scope of the Commission's regulatory power. The issue here does not involve the Commission's public law field of conservation of natural resources. The amount to be paid for the drilling of a well approved by the Commission is surely no more a public issue than who is to pay for the drilling. *MM Resources, Inc., supra,* explains that clarifying the identity of the party responsible for paying costs is a private concern properly cognizable before the district court.

The remaining point to be considered is the fact that the Commission reserved the issue of determination of reasonable costs in its pooling order. The applicable staute, 52 O.S. § 87.1(e), provides: "... In the event of any dispute relative to such costs, the Commission shall determine the proper costs after due notice to interested parties and a hearing thereon...." It is argued that this provision reserves the issue of drilling costs exclusively in the Corporation Commission, notwithstanding the existence of a private operating agreement which contractually specifies responsibility for those costs. This agreement was specifically respected in *Leede Oil & Gas, Inc., supra* 747 P.2d at 297:

> In *Samson Resources* and *Amarex* this Court recognized that the power to monitor certain terms and conditions of a forced pooling order had been conferred by statute, either expressly or by implication, upon the Commission. In this regard the authority to monitor the reasonableness of operations under a forced pooling order is expressly granted. It is clear that the purpose of this statute is to protect the rights of parties holding interests affected by the pooling order when the pooling order remains the sole source governing operations affecting those interests. It is equally clear that, once the parties have reached subsequent agreement among themselves regarding the rights and obligations due each from and to the others in the development of a unit well, the agreement between the parties concerning their rights is enforceable in the district court.

Thus the certified question posed is answered:

Under the terms of a pooling order reserving specifically to the Commission the jurisdiction to determine reasonableness of .well costs, the Commission does not have exclusive jurisdiction to determine the reasonable drilling costs of a well and grant relief between the operator designated in the pooling order and another interest owner who has entered into a private contractual agreement for the drilling and operation of the well.

QUESTION ANSWERED.

HODGES, LAVENDER, SIMMS, OPALA, KAUGER and SUMMERS, JJ., concur.

ALMA WILSON, J., dissents.