2008 OK CIV APP 42

**Don W. TUCKER and Larry B. Johnson, Plaintiffs/Appellants,**

**v.**

**NEW DOMINION, L.L.C., Defendant/Appellee.**

**No. 105,052.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Feb. 1, 2008.

Certiorari Denied April 7, 2008.

Charles B. Davis, Norman, OK, for Plaintiffs/Appellants.

Elizabeth C. Nichols, Elias, Books, Brown & Nelson, P.C., Oklahoma City, OK, For Defendant/Appellee.

ROBERT DICK BELL, Judge.

¶ 1 Don W. Tucker and Larry B. Johnson, Plaintiffs/Appellants, appeal from the trial court's order dismissing Plaintiffs' petition to quiet title in a mineral estate and for an accounting filed against Defendant/Appellee, New Dominion, L.L.C., an oil and gas well operator. For the reasons set forth below, we reverse the judgment of the trial court.

¶ 2 In March of 1960, Olinka Hrdy obtained a mineral interest in lands described as the South Half of the Southeast Quarter of Section 9, Township 11 North, Range 6 East, Pottawatomie County, Oklahoma (the Subject Property). On May 7, 2004, Defendant filed an application with the Oklahoma Corporation Commission (OCC) for an order pooling the interests and adjudicating the rights and equities of oil and gas owners in a tract that encompassed the Subject Property. In both its application and all subsequent notices, Defendant inadvertently misspelled Olinka Hrdy's name as Olinka "Hardy." The OCC eventually ordered the outstanding interests in the Subject Property pooled. The order listed the address of Olinka "Hardy" as unknown.

¶ 3 Plaintiff Johnson thereafter acquired Hrdy's interest in the Subject Property and Plaintiff Tucker acquired an oil and gas lease covering said land. When Defendant refused to recognize Plaintiffs' interests in the Subject Property, Plaintiffs filed the instant suit to quiet title to their mineral interests and for an accounting. Defendant moved to dismiss the action, arguing the trial court lacked jurisdiction to review the OCC order and that Hrdy received proper notice of the OCC proceedings. With respect to the later argument, Defendant asserted "Hrdy" and "Hardy" are the same for purposes of process and notice under the legal principle of *idem sonans.*[1] In response, Plaintiffs argued their suit was not an attack on the OCC order, but was an action to resolve a private dispute regarding ownership of mineral interests over which the OCC has no jurisdiction.

¶ 4 The trial court granted Defendant's motion to dismiss, ruling Plaintiffs' suit was actually an attack on the OCC's pooling order and that Hrdy received proper notice of the OCC proceedings. The trial court specifically agreed with Defendant's assertion that the misspelling of Hrdy's name was immaterial. From said judgment, Plaintiffs appeal. This matter stands submitted for accelerated appellate review on the trial court record pursuant to Rule 13(h), *Rules for District Courts,* 12 O.S. Supp.2002, Ch. 2, App. 1, and Rule 1.36, *Oklahoma Supreme Court Rules,* 12 O.S. Supp.2003, Ch. 15, App.

¶ 5 Because Defendant's motion included evidentiary materials outside the pleadings, the motion is treated as one for summary judgment. 12 O.S. Supp.2004 § 2012(B). This Court's standard of review of a trial court's grant of summary judgment is *de novo. Hoyt v. Paul R. Miller, M.D., Inc.,* 1996 OK 80, ¶ 2, 921 P.2d 350, 351–52. Summary judgment is proper when the evidentiary materials "establish that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." *Shelley v. Kiwash Elec. Coop.,* 1996 OK 44, ¶ 15, 914 P.2d 669, 674. When this Court reviews the trial court's

---

1. *Idem sonans* means "having the same sound." Black's Law Dictionary 670 (5th ed.1979). Under the doctrine of *idem sonans,* where a published name appears and sounds similar to the actual name, service by publication under the erroneous name is sufficient to support a judgment. *Collingsworth v. Hutchison,* 1939 OK 17, 90 P.2d 416. *See* also Standard 5.1(B) of the *Oklahoma Title Examination Standards,* 16 O.S. 2001, Ch. 1, App. ("Identity of parties should be accepted as sufficiently established [where the names come] within the rule of the generally accepted doctrine of idem sonans").

grant of summary judgment, all inferences and conclusions drawn from the evidence must be viewed in the light most favorable to the party opposing the motion. *Id.*

¶6 Among other arguments advanced on appeal, Plaintiffs contend the trial court committed reversible error by concluding their suit was a collateral attack on the OCC order. We agree.

When reviewing a motion to dismiss, the court must take as true all of the challenged pleading's allegations together with all reasonable inferences which may be drawn from them. "A pleading must not be dismissed for failure to state a legally cognizable claim unless the allegations indicate beyond any doubt that the litigant can prove no set of facts which would entitle him to relief." Further, the burden to show the legal insufficiency of the petition is on the party moving for dismissal.....

Motions to dismiss are generally viewed with disfavor under this liberal standard and to withstand a motion to dismiss it is not necessary for a plaintiff to either identify a specific theory of recovery or set out the correct remedy or relief to which he/she may be entitled. Generally, a petition may be dismissed as a matter of law for two reasons: (1) lack of any cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. When a trial court is considering his ruling on a § 2012(B)(6) motion he should not ask whether the petition points to an appropriate statute or legal theory, but whether relief is possible under any set of facts that could be established consistent with the allegations.

*Indiana Nat'l Bank v. State Dept. of Human Services,* 1994 OK 98, ¶¶ 3–4, 880 P.2d 371, 375–376 (citations and emphasis omitted).

¶7 As Plaintiffs correctly assert, the jurisdiction of the OCC "is limited to protection of public rights in development and production of oil and gas." *Leck v. Continental Oil Co.,* 1989 OK 173, ¶7, 800 P.2d 224, 226. "[D]isputes over *private rights* are properly brought in the district court." *Id.* (emphasis in original). Actions involving matters such as the relationship of the parties, their duties, rights and obli-

gations and existence of liability for breach of such duties "are matters particularly within the province of the district courts." *Samson Resources Co. v. Corporation Comm'n,* 1985 OK 31, ¶15, 702 P.2d 19, 23. Plaintiffs' instant action to settle mineral interest ownership in the Subject Property and for an accounting from the pooled interests constitutes a private dispute properly brought in district court. Plaintiffs' petition, which includes the unrefuted allegation that they are the owners of certain mineral interests in the pooled property, adequately states a claim for relief.

¶8 On the basis of the foregoing and after *de novo* review of the record, we hold that Defendant is not entitled to judgment as a matter of law regarding its motion to dismiss/motion for summary judgment. Plaintiffs' petition adequately states a claim for which relief may be granted. Should Plaintiffs attempt to attack the pooling order, then Defendant will be entitled to renew its challenge. Accordingly, the trial court's judgment is reversed. Because we reverse on other grounds, we need not address whether the instant facts satisfy the doctrine of *idem sonans.*

¶9 REVERSED.

BUETTNER, P.J., and MITCHELL, V.C.J., concur.