2008 OK 57

**Don W. TUCKER and Joseph H. Taft, Plaintiffs/Appellants,**

**v.**

**SPECIAL ENERGY CORP.; DPC Corp.; The Estate of Michael L. Ross, Deceased; Special Exploration Co., Inc.; SCM Development, L.L.C.; G & C Petroleum, Inc.; New Dominion, L.L.C.; Azar Minerals, Ltd.; DBS Investments, Ltd.; GBC Minerals, Ltd.; William L. Knobles; Resource Exploration & Development, Inc.; Krishna Family, L.L.C.; W.K. Chernicky, L.L.C.; The McDaniel**

Company, Inc.; Milagro Resources, Inc.; David J. Chernicky; Joseph D. Corpening; Alan W. Stracke; Chernico Exploration, Inc.; Sandra M.L. Watt; Kimberly A. Harper; Janett L. Gunzenheiser; Thomas C. Chernicky; Donald P. Chernicky; Gill Family Investments, Inc.; and David J. Chernicky Trust, Defendants/Appellees.

No. 104,464.

Supreme Court of Oklahoma.

June 17, 2008.

Charles B. Davis; Norman, Oklahoma; for Plaintiffs/Appellants.

Elizabeth C. Nichols; Elias, Books, Brown & Nelson, P.C.; Oklahoma City, Oklahoma; for Defendants/Appellees DPC Corporation; The Estate of Michael L. Ross, Deceased; New Dominion, L.L.C.; W.K. Chernicky, L.L.C.; David J. Chernicky; Chernico Exploration, Inc.; Sandra M.L. Watt; Kimberly A. Harper; Janett L. Gunzenheiser; Thomas C. Chernicky; Donald P. Chernicky; and David J. Chernicky Trust.

Andrew J. Waldron; Walker & Walker; Oklahoma City, Oklahoma; for Defendants/Appellants Special Energy Corp.; Special Exploration Co., Inc.; SCM Development, L.L.C.; G & C Petroleum, Inc.; Azar Minerals, Ltd.; DBS Investments, Ltd.; GBC Minerals, Ltd.; William L. Knobles; Resource Exploration & Development, Inc.; Krishna Family, L.L.C.; The McDaniel Company, Inc.; Milagro Resources, Inc.; Joseph D. Corpening; Alan W. Stracke; and Gill Family Investments, Inc.

COLBERT, J.

¶ 1 Plaintiffs have appealed from an order of the district court dismissing their lawsuit to quiet title to a mineral interest and seeking an accounting of funds placed in escrow for their predecessor-in-title. The district court concluded that the lawsuit was an impermissible collateral attack on an order of the Oklahoma Corporation Commission. The Court of Civil Appeals affirmed. On certiorari, we conclude that Plaintiffs' claim is not an impermissible collateral attack on a Commission order, as the remedy they seek is not within the Commission's jurisdiction.

## BACKGROUND

¶ 2 William Howard Taft died intestate in 1958, survived by his wife, Hazel L. Taft, and two sons, including Joseph H. Taft, one of the plaintiffs in this matter. At the time of his death, W.H. Taft held the mineral rights to several acres in Lincoln County. His widow and one son subsequently died. Joseph Taft contends he is the sole heir to the mineral rights to 3.33 acres in Lincoln County.

¶ 3 On July 20, 1998, DPC Corporation filed an application with the Commission to forcibly pool a 160–acre drilling and spacing unit in Lincoln County. The proposed unit included the property in which W.H. Taft had held an interest. DPC listed W.H. Taft, deceased, and Hazel L. Taft as respondents, but provided no address for either. On August 11, 1998, the Commission entered an order (1998 Pooling Order) force pooling the unit. The Commission found that DPC had exercised due diligence to locate each respondent and required DPC to escrow any funds payable to those respondents who could not be located.

¶ 4 On June 23, 2005, Don Tucker filed an amended application with the Commission, asking it to "construe, clarify and vacate" the 1998 Pooling Order. According to the September 1, 2005, report of the administrative law judge (ALJ), Tucker is a landman who searched for the heirs of W.H. Taft and obtained an agreement with Joseph Taft to attempt to recover the funds DPC had placed in escrow. The ALJ concluded that the notice given in the 1998 matter was sufficient and that, because Joseph Taft was not a record owner in 1998, he would not have been a proper party. The ALJ also concluded that Tucker's application was an impermissible collateral attack on the 1998 Pooling Order.[1] Tucker appealed from the ALJ's report and a referee affirmed the ALJ's report on October 11, 2005. The Commission denied Tucker's application on May 5, 2006. Tucker did not appeal from that order.

---

1. The ALJ also observed that Joseph Taft's rights to W.H. Taft's five-acre interest were disputed by Hazel Taft's daughter, LoRheda L. Davis Fry. The record here does not indicate whether that dispute has been resolved, although Joseph Taft claims rights to only 3.33 acres.

¶5 DPC also refused to accept Joseph Taft's claim to the funds escrowed for W.H. Taft's interest. In an effort to obtain those funds, Tucker and Taft filed this action in district court seeking an order "determining and quieting title" in Tucker's leasehold interest and Taft's mineral interest as well as an accounting of the proceeds from the production of minerals attributable to those interests. Defendants are DPC and the other participants/owners in the production unit.

¶6 Defendants filed motions to dismiss, each asserting that Plaintiffs' action constituted a collateral attack on the 1998 Pooling Order.[2] The district court agreed and dismissed the action. Plaintiffs appealed and the Court of Civil Appeals affirmed. Plaintiffs then filed a petition for certiorari, which this Court granted.

## STANDARD OF REVIEW

¶7 Because Defendants' motions to dismiss included evidentiary materials, they should have been treated as motions for summary judgment. Okla. Stat. tit. 12, § 2012(B) (Supp.2007). In their motions, Defendants asserted that Plaintiffs failed to state a claim for which relief could be granted. *Id.* § 2012(B)(6). "A pleading must not be dismissed for failure to state a legally cognizable claim unless the allegations indicate beyond any doubt that the litigant can prove no set of facts which would entitle him to relief." *Frazier v. Bryan Mem'l Hosp. Auth.,* 1989 OK 73, ¶13, 775 P.2d 281, 287 (emphasis omitted). A summary judgment will withstand de novo appellate review only if the moving parties establish that there is no genuine issue as to any material fact and they are entitled to judgment as a matter of law. *Brown v. Alliance Real Estate Group,* 1999 OK 7, ¶7, 976 P.2d 1043, 1045.

## DISCUSSION

¶8 The Court of Civil Appeals concluded in this matter that Plaintiffs' claim was a collateral attack on the Commission's order. After Plaintiffs filed their petition for certiorari, another division of the Court of Civil Appeals reached the opposite conclusion on the same issue. A conflict between the divisions of the Court of Civil Appeals calls for the exercise of the Supreme Court's supervisory authority. Rule 1.178(a)(3), Okla. Sup. Ct. Rules, Okla. Stat. tit. 12, app. 1 (2001). With this opinion, we agree with and adopt the reasoning of Division 3 of the Court of Civil Appeals in *Tucker v. New Dominion, L.L.C.,* 2008 OK CIV APP 42, 182 P.3d 169, *cert. denied.*[3]

¶9 Although the Corporation Commission has the authority of a court of record, it has limited jurisdiction. *Tenneco Oil Co. v. El Paso Natural Gas Co.,* 1984 OK 52, ¶4 & n. 1, 687 P.2d 1049, 1050 & n. 1; Okla. Const. art. 9, § 19. Any action by the Commission must be authorized by statute. *Marathon Oil Co. v. Corp. Comm'n,* 1994 OK 28, ¶12, 910 P.2d 966, 969–970. The Commission oversees the conservation of oil and gas; its jurisdiction is limited to the resolution of public rights. *Tenneco,* 1984 OK 52, ¶5, 687 P.2d at 1050; *Leck v. Cont'l Oil Co.,* 1989 OK 173, ¶7, 800 P.2d 224, 226. Public rights are involved when "a unitization order, pooling order, or order setting the allowables on the unit's well" affects "the correlative rights of all mineral rights owners in [a] common source of supply [in a] unit." *Leck,* 1989 OK 173, ¶8, 800 P.2d at 226.

¶10 The Commission does not have the authority to determine the effect of its order on a legal title to property. *Nilsen v. Ports of Call Oil Co.,* 1985 OK 104, ¶14, 711 P.2d 98, 102; *see also S. Union Prod. Co. v. Corp. Comm'n,* 1970 OK 16, 465 P.2d 454. That is the proper role of the district court, as district courts have jurisdiction to resolve disputes over private rights. *Leck,* 1989 OK 173, ¶7, 800 P.2d at 226. In this action to quiet title and receive an accounting, Plaintiffs have properly invoked the jurisdiction of

---

**2.** Although several Defendants filed separate motions to dismiss, each motion was based on the same or a similar argument. Defendants have now sorted themselves into two primary groups, as reflected in the listing of attorneys representing them.

**3.** Don W. Tucker was also a plaintiff in that case, having obtained a lease from the putative interest holder, as he did here.

the district court. Indeed, the Commission could not give the remedy Plaintiffs seek.

¶ 11 According to their pleadings, Plaintiffs are not attempting to obtain an order declaring the 1998 Pooling Order void. Such an effort would be an impermissible collateral attack. Okla. Stat. tit. 52, § 111 (2001);[4] *James Energy Co. v. HCG Energy Corp.,* 1992 OK 117, ¶ 24, 847 P.2d 333, 339. Instead, Plaintiffs seek to clarify their ownership of a property interest that may entitle them to the proceeds held in escrow. Claims regarding "the relationship of the parties; their duties; their rights and obligations; and the existence of liability for the breach of such duties," are exclusively within the district court's jurisdiction. *Samson Res. Co. v. Corp. Comm'n,* 1985 OK 31, ¶ 15, 702 P.2d 19, 23; *see also Tenneco,* 1984 OK 52, 687 P.2d 1049. "The district court clearly has jurisdiction to adjudicate the legal effect ... of a Commission order ... upon title to land." *Nilsen,* 1985 OK 104, ¶ 12, 711 P.2d at 101.

¶ 12 Defendants, as participants in and operators of the unit that includes the rights originally owned by W.H. Taft, are holding funds in escrow arguably payable to the successors-in-interest to W.H. Taft. Since Defendants have refused Plaintiffs' claim to those funds, Plaintiffs filed an action in district court to establish their right, if any, to those funds.

Plaintiffs' instant action to settle mineral interest ownership in the Subject Property and for an accounting from the pooled interests constitutes a private dispute properly brought in district court. Plaintiffs' petition, which includes the unrefuted allegation that they are the owners of certain mineral interests in the pooled property, adequately states a claim for relief. *Tucker,* 2008 OK CIV APP 42, ¶ 7, 182 P.3d at 171. The district court erred, therefore, in dismissing Plaintiffs' claim.

## CONCLUSION

¶ 13 Plaintiffs' lawsuit was improperly dismissed by the district court as a collateral attack on the Commission's order. "Considering all allegations in the ... pleading, we cannot say it is legally impossible for [Plaintiffs] to establish any of them to be true." *Frazier,* 1989 OK 73, ¶ 13, 775 P.2d at 287. We, however, express no premature opinion regarding the merits of Plaintiff's claim.[5] *See S. Union,* 1970 OK 16, ¶ 16, 465 P.2d at 458.

**COURT OF CIVIL APPEALS' OPINION VACATED; DISTRICT COURT'S JUDGMENT REVERSED; AND MATTER REMANDED FOR FURTHER PROCEEDINGS.**

CONCUR: WINCHESTER, C.J.; EDMONDSON, V.C.J.; HARGRAVE, OPALA, KAUGER, WATT, TAYLOR, COLBERT, REIF, JJ.

OPALA, J., concurring.

I concur **solely** in the court's **reversal** of the trial court's order that dismissed the action and in the **expressed** legal ground

---

4. Section 111 provides in pertinent part:

No collateral attack shall be allowed upon orders, rules and regulations of the Commission made hereunder, but the sole method of reviewing such orders and inquiring into and determining their validity, justness, reasonableness or correctness shall be by appeal from such orders, rules or regulations to the Supreme Court.... No court of this state except the Supreme Court, and it only on appeal, as herein provided, shall have jurisdiction to review ... any order ... of the Commission....

Okla. Stat. tit. 52, § 111 (2001). While a district court does have jurisdiction to consider whether a Commission order is facially void, *Chancellor v. Tenneco Oil Co.,* 1982 OK 122, ¶ 18, 653 P.2d 204, 206–07, Plaintiffs do not make that argument here. The district courts do not have jurisdiction to consider whether a Commission's order is void unless the face of the Commission record demonstrates that it lacked jurisdiction. *Fent v. Okla. Natural Gas Co.,* 1994 OK 108, ¶ 20, 898 P.2d 126, 135.

5. The district court and parties are cautioned on remand to use extra care when preparing the case style on future documents. This is particularly important here due to the number of parties involved. The style on the document titled "Journal Entry" omitted two parties, misnamed two parties, and misspelled another. These mistakes, which were not mentioned on appeal by any party, were repeated in the opinion issued by the Court of Civil Appeals. Any error caused by these mistakes was not dispositive to this proceeding and is now moot, but that may not always be the case.

ascribed in today's opinion to the court's conclusion. As is clearly stated in today's pronouncement, **the court expresses no view whatsoever** upon any element of the pressed claim's merits.